IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 25, 2001

## PERRY SALEEM LEE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. 1100-374      R.E. Lee Davies, Judge**

--------

**No. M2001-01141-CCA-R3-PC - Filed December 13, 2001**

--------

The petitioner, Perry Saleem Lee, appeals the dismissal of his petition for post-conviction relief by the Williamson County Circuit Court, which held that the petitioner's claims for relief had been either previously determined or waived.  The petitioner complains about his appointed counsel and the state's purported shortcomings in the post-conviction process.  He also complains about the trial court not allowing an amendment to the petition, not allowing an evidentiary hearing, and not setting forth findings of fact and conclusions of law as to each ground he raised.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Perry Saleem Lee, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Mary K. Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was convicted in 1998 of aggravated assault and misdemeanor assault and received an effective sentence of five years in the Department of Correction.  The judgments of conviction were affirmed on appeal.  State v. Perry Saleem Lee, No. 01C01-9806-CC-00266, Williamson County (Tenn. Crim. App. June 2, 1999), app. denied (Tenn. Nov. 22, 1999).  In that appeal, the petitioner, pro se, raised issues regarding the following: (1) the sufficiency of the evidence, (2) the victim's in-court identifications of him, (3) the trial proceeding in spite of his reservations about counsel's preparedness, (4) improper closing arguments, (5) the reasonable doubt instruction, (6) the denial of his motion for a new trial, (7) the ineffective assistance of counsel, and (8) the denial of trial records needed to perfect his appeal.

The post-conviction petition alleges myriad constitutional violations regarding events from the petitioner's arrest through his sentencing. It also alleges the ineffective assistance of counsel through various specified "acts and omissions." Counsel was appointed and an amended post-conviction petition was filed, focusing upon claims of ineffective assistance of counsel. The state did not answer the petition as amended; instead, it moved to dismiss it because the petitioner's claims were either waived or previously determined. The trial court granted the state's motion for the same reasons.

First, we consider the state's contention on appeal that the petition was properly dismissed because it was not filed within the one-year statute of limitations. It states that the petition was not filed within one year of the Tennessee Supreme Court's denial of the application for permission to appeal, although it notes that the petition was marked filed by the trial court clerk on the next business day. The state acknowledges that the petition reflects that the petitioner signed the petition on October 10, 2000, and that filing is deemed to have occurred when a prisoner delivers a petition to "the appropriate individual at the correctional facility." Tenn. S. Ct. R. 28, § 2(G). However, it asserts that no certification or evidence exists in the record to show such a delivery occurred.

We question the efficacy of the state raising this issue for the first time on appeal, thereby negating any ability to resolve this matter in the trial court. As noted, the record reflects that the petition was marked filed by the trial court clerk the next business day after the statute of limitations had run. Neither the district attorney nor the trial court raised any concern about the timeliness of the petition. For all we know, they accepted the natural inference that a state prisoner's petition that is received by the clerk the first business day after the time has run had been timely delivered to the correctional authorities for mailing. We note that all other filings and correspondence from the petitioner have been delivered by mail from a correctional facility. We certainly will not presume otherwise for the petition under the existing circumstances. We see no merit to the state's contention.

As for the petitioner's claims for relief presented in his pro se petition and the amendment thereto, we conclude that they have, indeed, been previously determined or waived. Among other issues, the petitioner raised the issue of the ineffective assistance of trial counsel in his original appeal. This court's resolution of the issue renders it previously determined. See Tenn. Code Ann. § 40-30-206(h). Such is true even if additional facts are now alleged to support the claim. See Cone v. State, 927 S.W.2d 579, 582 (Tenn. Crim. App. 1995). Moreover, having taken the opportunity to raise the issue of counsel's ineffectiveness in the direct appeal, the petitioner's failure to allege all the various facts supporting the claim constitutes a waiver of any claim based on those facts. In this respect, as is true for the remainder of the petitioner's claims arising from the convicting and sentencing process that were not already determined in the previous appeal, the failure to raise those claims in the previous appeal constitutes a waiver that bars their consideration in this case. See Tenn. Code Ann. § 40-30-206(g).

Given the lack of viability of the petitioner's claims, the state was entitled to proceed upon its motion to dismiss and the trial court was entitled to dismiss the case without an evidentiary

hearing. Also, although it may be preferable for the trial court to render findings and conclusions for each specific ground for relief presented, we do not believe that the trial court's failure to do so in the present case constitutes error. Any other procedural mishap or omission by the state or the trial court that the petitioner perceives to exist is of no consequence.

Finally, regarding the petitioner's complaints about his appointed post-conviction counsel, we see nothing that would warrant relief. As the state notes, a post-conviction petitioner is not constitutionally entitled to the effective assistance of counsel in the post-conviction process. See House v. State, 911 S.W.2d 705, 714 (Tenn. 1995). In our view, the petitioner's allegations about counsel citing a repealed statute and including a previously determined claim in the amended petition do not rise to a level of constitutional concern.

Based upon the foregoing and the record as a whole, the trial court's judgment is affirmed.

_____
JOSEPH M. TIPTON, JUDGE