IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 9, 2002

## RUSSELL LANE OVERBY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardin County**
**No. PC 7581     C. Creed McGinley, Judge**

---

**No. W2001-01247-CCA-R3-PC - Filed April 26, 2002**

---

The Appellant, Russell Lane Overby, appeals from the Hardin County Circuit Court's dismissal of his petition for post-conviction relief. On December 8, 1997, Overby was found guilty of rape by a Hardin County jury, and was sentenced to a term of twelve years in the Department of Correction. In this collateral attack of his rape conviction, Overby alleges that he received ineffective assistance of counsel, both at trial and on direct appeal. After review, we find no error and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Ed Neal McDaniel, Savannah, Tennessee, for the Appellant, Russell Lane Overby.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Appellant's incarceration stems from his December 8, 1997, jury conviction for rape. The following proof was developed at trial:

[T]he victim, the defendant's fourteen-year-old stepdaughter, testified that the defendant had vaginally penetrated her with his penis. According to the victim, this type of behavior had occurred on more than one occasion while her mother was away

from home. The victim described the circumstances surrounding the last incident of this kind. . . . Approximately one week later, the Hardin County Sheriff's Department received a call from the victim's school regarding the alleged rape. The victim was subsequently taken to an emergency room where it was determined that her hymen had been ruptured.

*State v. Russell Lane Overby*, No. 02C01-9810-CC-00321 (Tenn. Crim. App. at Jackson, July 13, 1999), *perm. to appeal denied*, (Tenn. Jan. 3, 2000). The State's proof at trial was established by the victim, an investigator, an emergency room nurse, and a physician. The Appellant's conviction and sentence were affirmed on direct appeal. *Id.*

After his initial arrest, the Appellant was found indigent and the public defender's office was appointed to represent him. Prior to trial, the family retained counsel who represented the Appellant through the conclusion of his jury trial. The public defender's office was again appointed to represent the Appellant at the sentencing hearing and on appeal. In June of 2000, Overby filed his *pro se* petition for post-conviction relief. After counsel was appointed, an amended petition was filed. At the conclusion of the post-conviction hearing, the petition was denied and, this timely appeal followed.

**Ineffective Assistance of Counsel**

The Appellant asserts that he received ineffective assistance of trial and appellate counsel, and argues that the trial court erred by dismissing his petition for post-conviction relief. The Appellant bears the burden of establishing his allegations contained in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). Findings of fact and conclusions of law made by a post-conviction court are given the weight of a jury verdict. *Davis v. State*, 912 S.W.2d 689, 697 (Tenn. 1995). Unless evidence contained in the record preponderates against the judgment, this court is bound by those findings on appeal. *Id.* This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial court. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact; thus, our review of this case is *de novo*. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Furthermore, to succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. The reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

In his appeal from the denial of his post-conviction petition, the Appellant argues that he received ineffective assistance of counsel in the following respects:

(1)      trial counsel failed to prepare an adequate defense as he did not interview all persons named by the Appellant as potential witnesses;

(2)      trial counsel failed to call witness, Roy Watts, at trial to testify that he had told others he committed the rape;

(3)      trial counsel failed to seek medical testing to combat the State's weak medical evidence;

(4)      trial counsel failed to explore or investigate the possibility that Appellant's mental or psychological state could mitigate his culpability in this crime;

(5)      both trial and appellate counsel failed to recognize the Appellant's inability to read or write which caused the Appellant to make uninformed decisions during trial; and

(6)      both trial and appellate counsel failed to raise "the issue of selection of the foreperson of the Grand Jury."

First, we note that the Appellant has previously raised the issue of ineffective assistance of trial counsel on direct appeal. In the direct appeal, the Appellant argued that trial counsel was ineffective for failing to adequately prepare and investigate the possibility that Roy Watts was guilty of the rape. This court found that issue, along with the other ineffective assistance of trial counsel issues raised on direct appeal, to be without merit *Overby,* No. 02C01-9810-CC-00321. This identical issue is again raised on appeal. Because it has previously been determined, any further review by this court is foreclosed. Tenn. Code Ann. § 40-30-206(f).

Moreover, as to the remaining factual allegations of deficient performance, we emphasize that ineffective assistance of counsel is generally a "single ground for relief" under the post-conviction statute. *Cone v. State,* 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995), *perm. to appeal denied,* (Tenn. 1996), *cert. denied,* 519 U.S. 934, 117 S. Ct. 309 (1996). "The fact that such violation may be proved by multiple acts or omissions does not change the fact that there remains only one ground for relief." *Vernon West v. State,* No. W1999-01604-CCA-R3-PC (Tenn. Crim. App. at Jackson, Feb. 12, 2001)(citing *Frank McCray v. State,* No. 01C01-9108-CR-00255 (Tenn. Crim. App. at Nashville, Sept. 11, 1992)). A petitioner may not relitigate previously determined grounds for relief simply by adding factual bases for an ineffective assistance of counsel claim. *Cone,* 927 S.W.2d at 581-82. Thus, the Appellant's allegations of ineffective assistance of trial counsel in this appeal are waived because the issue of ineffectiveness has previously been determined on direct appeal.

Notwithstanding, waiver of the issue of trial counsel's ineffectiveness, this court has held that the doctrine of waiver does not bar consideration of claims arising from ineffectiveness of counsel on appeal. *See,* e.g., *Jonathon A. Hyler v. State,* No. 01C01-9511-CR-00362 (Tenn. Crim. App. at Nashville, Sept. 19, 1996), *perm. to appeal denied,* (Tenn., Mar. 3, 1997); *Kirby George Wallace v. State,* No. 01C01-9308-CC-00275 (Tenn. Crim. App. at Nashville, Sept. 15, 1994). Claims of ineffective assistance of appellate counsel are evaluated under the previously noted two-prong standard of *Strickland v. Washington,* 466 U.S. at 687, 104 S. Ct. at 2064, which requires that the Appellant show both deficient performance and prejudice.

-3-

The Appellant contends that appellate counsel was ineffective for failing to recognize the Appellant's inability to read or write. While the Appellant cites no authority to support his position, he insists that his illiteracy "render[ed] him unable to make informed decisions during the trial." At the post-conviction hearing, appellate counsel testified that he did not recall whether he knew if the Appellant could read or write but explained, "I remember . . . he had always expressed that he doesn't know a lot, but I would take that into consideration in talking to him." The Appellant has failed to show that counsel was unaware of his inability to read or write, and has failed to demonstrate how the illiteracy has prejudiced his case. Moreover, the prejudice component of the *Strickland* test is not implicated if the "ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993). Because no substantive or procedural right is implicated this issue is without merit.

The Appellant also contends that appellate counsel was ineffective for failing to raise the issue of systematic exclusion of minorities from the position of grand jury foreperson in Hardin County. In order to establish a prima facie equal protection claim relating to a grand jury foreperson, "defendants must offer proof that racial discrimination tainted the entire grand jury." *State v. Bondurant,* 4 S.W.3d 662, 675 (Tenn. 1999). At trial, Hardin County Circuit Court Clerk, Diane Polk, testified that a white male served as grand jury foreperson in that county for the years 1972 through 1998. Polk also testified that the only time an African-American had served as grand jury foreperson was on July 17, 1978. In denying the post-conviction petition, the trial court found, "[a]lthough the proof would support that the foreman of the Grand Jury had been a white male for a period of twenty-six years, there is absolutely no evidence to establish systematic exclusions of minorities or other cognizable groups." The proof does not preponderate against this finding. Because the Appellant has failed to establish by clear and convincing evidence his allegations of deficient performance by appellate counsel, this issue is without merit.

## CONCLUSION

For the foregoing reasons, Appellant's claim of ineffective assistance of trial counsel is procedurally defaulted, as the issue of ineffectiveness of counsel has previously been determined on direct appeal. Additionally, we find the claims of ineffective assistance of appellate counsel to be without merit. The post-conviction court's dismissal of the Appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE