IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 10, 2009 Session

## JOE STRAWTHER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County
No. F-59338   Don R. Ash, Judge**

**No. M2008-00331-CCA-R3-PC - Filed December 17, 2009**

Petitioner, Joe Strawther, pled guilty to aggravated robbery and attempted aggravated robbery in Rutherford County in exchange for an effective eight-year sentence. Petitioner filed a motion for post-conviction relief. After a hearing, the post-conviction court denied relief. Petitioner appeals the denial of the petition. However, the issue raised by Petitioner on appeal was not raised in his petition for post-conviction relief and, therefore, is not properly before this Court. The Petitioner has failed to show that he received ineffective assistance of counsel or that his guilty pleas were entered involuntarily. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Russ Eagle, Murfreesboro, Tennessee, for the appellant, Joe Strawther.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, and Trevor H. Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

The record on appeal is scant. From the transcript of the guilty plea,[1] it appears that on May 1, 2006, Petitioner pled guilty to the aggravated robbery of a Ramada Inn in Murfreesboro and an attempted aggravated robbery of a Golden Gallon store in Smyrna. In exchange for the guilty pleas,

---

[1] The indictments and judgment forms do not appear in the record on appeal.

Petitioner was sentenced to eight years for the aggravated robbery conviction and five years for the attempted aggravated robbery conviction. The sentences were ordered to run concurrently, and Petitioner was sentenced as a Range I, standard offender.

The facts that gave rise to the guilty plea were summarized at the plea hearing as follows:

Detective Duke [of the Smyrna Police Department] responded to a robbery at the Golden Gallon, made contact with a Ms. Pryor who was the clerk. Ms. Pryor informed him that a black male with a paper bag over his hand approached her at the register and ordered her to give [him] money that was in the drawer. Ms. Pryor then yelled for Mr. Davis, who is her supervisor, that she was being robbed and hit the panic button. The subject then ran out of the store. Mr. Davis followed and observed the suspect get into the passenger door of a compact pickup truck driven by another male black. The tag appeared to be PGM 011 or PGM 811. The suspects were unable to get anything from the store and left. That was on August 8th, 2005. On August 9th, 2005, Detective John Jones would testify that he responded to a robbery at the Ramada Inn hotel 1855 South Church in reference to a robbery. Made contact with the victim, a Kathy Durham. Ms. Durham said that there was a black male, 5 foot 11, thin build, wearing a blue shirt, faded jeans, approached her and asked for an ice bucket. Stated that he was in Room 181 and was waiting for a pizza. She became suspicious because there was no room 181. He later returned and produced a brown paper bag over his hand and stated that he wanted the money. She apparently was trying to get the money. He became agitated and he struck her in the head with the hand that had the paper bag over it and then took the cash drawer and ran outside with it. Then according to State's proof was later seen by the witnesses who had testified earlier this morning, Mr. Moore, with the money box in his hand. And then come into contact with another black male who the State would say was Braun Jones who has earlier pled guilty and agreed to testify. That the police then respond and they come into contact with the two co-defendants who say that they were out of gas. That they go back to the truck where they say that they were out of gas and discovered it's the same truck that was used in the previous robbery. And they place them under arrest. They do take statements from the co-defendant in which he admits his involvement in both robberies and does implicate the defendant as the one who actually went in and did the attempted robbery and the robbery while Mr. Jones waited outside.

Petitioner filed a pro se petition for post-conviction relief on October 31, 2006. In that petition, Petitioner claimed: (1) he received ineffective assistance of counsel; (2) his convictions were based on the use of a coerced confession; and (3) his convictions were based on the failure of the prosecution to disclose evidence favorable to the Petitioner. Petitioner argued that he received ineffective assistance of counsel because counsel: (1) allowed the prosecutor to use a co-defendant's coerced confession; (2) failed to obtain the videotapes from the police cars; and (3) failed to discover that an eyewitness did not appear in court in response to a subpoena.

The post-conviction court held a hearing on the petition on May 11, 2008. At the hearing, Petitioner testified that trial counsel's representation was not "to the fullest." Specifically, he complained that trial counsel incorrectly informed him that his out-of-state convictions could be used to enhance his sentences and that he could be sentenced up to forty-five years as a Range III, career offender. Petitioner testified that this incorrect information from trial counsel led him to accept the guilty plea offer. Petitioner asserted that if he had been presented with the true scenario, that he was only facing thirty years as a Range II, multiple offender, he "would have took [sic] it to trial." Petitioner claimed that trial counsel's "boss man" came with him and pressured him to accept the plea agreement.

Petitioner also claimed that trial counsel did not adequately investigate the cases. Specifically, Petitioner felt that trial counsel should have known that the victim in the Golden Gallon case failed to appear after three subpoenas and that trial counsel should have secured the videotapes from the police cars. Petitioner insisted that the videotapes would establish innocence because the victim of the Ramada Inn robbery could not identify him as the perpetrator. Finally, Petitioner informed the trial court that trial counsel should have investigated to determine whether the statements of the co-defendant were coerced.

On cross-examination, Petitioner admitted that he had no proof that the eyewitness from the Ramada Inn robbery failed to appear in court after a subpoena. Petitioner acknowledged that trial counsel met with him several times prior to the entry of the guilty plea and that trial counsel filed a motion to suppress the evidence. Petitioner also admitted that trial counsel notified him that the police department claimed that no police videotape existed "in relation to the Ramada Inn robbery."

Trial counsel testified at the hearing that he had been practicing law since 1990 and the first seven years of his practice were exclusively devoted to criminal law.

Trial counsel explained that he gave Petitioner a document explaining the range of punishment that he could receive if convicted of all of the charges. Trial counsel determined the possible ranges of punishment from the enhancement notice filed by the State. According to trial counsel he "certainly never advised [Petitioner] that [he] thought [Petitioner] would get 45 or 40" years. Moreover, trial counsel testified that no one from his office informed Petitioner that he would have to serve 60% of his sentence.

In regard to investigation of the case, trial counsel felt that he had adequate time to investigate the case and was unaware of any witnesses that failed to appear after a subpoena. Further, trial counsel informed the post-conviction court that he attempted to obtain the videotapes from the police but was informed that no such tapes existed. Trial counsel also filed a motion to prevent the use of co-defendant's statement from being used against Petitioner at trial.

According to trial counsel, Petitioner knew what he was doing when he pled guilty. Trial counsel felt that after rejecting an initial offer of five years and hearing the evidence at the motion to suppress, Petitioner changed his mind and wanted to take the plea offer for eight years.

At the conclusion of the post-conviction hearing, the post-conviction court determined that Petitioner was not credible and that he had "never seen an attorney do a better job keeping up with his time and showing what he did on behalf of a client." After reviewing the evidence, the post-conviction court found that trial counsel's performance was not deficient and did not prejudice the defense. In an order filed on May 18, 2007, the post-conviction court dismissed the petition for relief. In that order, the post-conviction court specifically found: (1) trial counsel had no basis to file a motion to suppress the co-defendant's statement; (2) the proof was overwhelming that trial counsel made every attempt to secure the videotapes from the police cars; (3) there was no proof that a witness failed to appear after a subpoena; and (4) Petitioner's testimony was not credible.

Petitioner filed a notice of appeal on January 30, 2008. On that same date, Petitioner filed a "Motion to Amend Order." In the motion, Petitioner argued that he never received a copy of the final order and asked the post-conviction court to reissue the final order in the post-conviction case for October 5, 2007, in order for his notice of appeal to be timely. In response, the trial court entered an order on February 6, 2008, waiving the timely filing of the notice of appeal.

The State argues in its brief that Petitioner has waived all issues for appeal due to the untimely filing of the notice of appeal and that the trial court was without jurisdiction to waive the timely filing of the notice. The State is correct in its assertion that "[t]he appropriate appellate court shall be the court that determines whether such a waiver [of the timely filing of the notice of appeal] is in the interest of justice." Tenn. R. App. P. 4(a). However, in conjunction with other procedural matters, this Court issued an order concluding that the timely filing of the notice of appeal should be waived in this case in the interest of justice. Therefore, we will review Petitioner's issues presented on appeal.

*Analysis*
*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel

were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), Petitioner must establish: (1) deficient representation and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was

voluntarily and knowingly given before it can be accepted. *Boykin*, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W .2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S .W.2d at 904.

In his brief, Petitioner claims that trial counsel improperly informed him about the range of punishment he could receive if convicted of all the charges that he faced. He contends the improper information imparted to Petitioner by trial counsel and his "boss man" led him to accept a plea rather than proceed with trial. Petitioner claims that this prejudiced the defense and that the ineffective assistance of counsel led to an involuntary guilty plea. The State, on the other hand, notes that Petitioner failed to raise this allegation in any of his petitions for post-conviction relief and argues that the issue is waived for appellate review.

We agree with the State. Ineffective assistance of counsel is a single claim for relief under the Post-Conviction Procedure Act even though the violation may be proved by multiple acts or omissions on the part of counsel. *Erika Louise Bunkley Patrick v. State*, No. W2004-02217-CCA-R3-PC, 2006 WL 211824, at *10 (Tenn. Crim. App., at Jackson, Jan. 24, 2006) (citing *Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997); *Cone v. State*, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995)). Thus, all factual allegations must be presented in one claim. *See* T.C.A. § 40-30-106(d). A petitioner may not relitigate a claim of ineffective assistance of counsel "by presenting new and different factual allegations" on appeal. *Erika Louise Bunkley Patrick*, 2006 WL 211824, at *10 (citing *Thompson*, 958 S.W.2d at 161; *Roger Clayton Davis v. State*, No. 03C01-9902-CR-00076, 2000 WL 21307 (Tenn. Crim. App., at Knoxville, Jan. 14, 2000), *perm. app. denied*, (Tenn. Sept. 5, 2000)); *see also Melvin Cofer v. State*, No. W2006-00631-CCA-R3-PC, 2007 WL 2781718, at *10. It appears that Petitioner's additional factual allegation supporting his claim of ineffective assistance of counsel was not raised in his petition for post-conviction relief . Instead, this claim is now made in response to testimony from Petitioner given at the evidentiary hearing. However, the post-conviction court did not make any findings of fact on the factual allegations Petitioner now raises. *Erika Louise Bunkley Patrick*, 2006 WL 211824, at *10 (citing Tenn. R. App. P. 36(a) (holding that no "relief may be granted in contravention of the province of the trier of fact.")). Consequently, this issue has been waived. *See Cone*, 747 S.W.2d at 357.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE