IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 24, 2012 Session

**TRACY L. COPE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**No. C59195    Robert H. Montgomery, Jr., Judge**

**No. E2011-01198-CCA-R3-PC - Filed September 11, 2012**

The Petitioner, Tracy L. Cope, appeals from the Sullivan County Criminal Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred by concluding that all of his claims were previously determined. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Francis L. Lloyd, Jr., Knoxville, Tennessee (on appeal), for the appellant, Tracy L. Cope.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Barry Staubus, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial in 2007, the Petitioner was convicted of especially aggravated kidnapping, aggravated kidnapping, and false imprisonment. The Petitioner received an effective forty-year sentence. After an initial motion for new trial was filed, trial counsel was replaced by substitute counsel. Substitute counsel filed two amended motions for new trial alleging that the Petitioner's constitutional rights were violated "because there were not any black members in the jury, nor were there any black members that were selected as a possible jury member during voir dire," that the Petitioner received ineffective assistance from trial counsel, and several other issues.

The Petitioner alleged four factual grounds supporting his claim of ineffective assistance of counsel: (1) that trial counsel failed to explain what portions of the Petitioner's

criminal record would have been admissible for impeachment if he testified at trial; (2) that trial counsel failed to explain the maximum possible punishment to the Petitioner; (3) that trial counsel failed to call an eyewitness to testify at trial; and (4) that trial counsel failed to properly cross-examine two witnesses, Amanda Wilson and Debbie Callahan. The trial court denied the Petitioner's motion for new trial. In denying the motion for new trial, the trial court addressed the first three factual grounds of ineffective assistance. However, the trial court did not address the Petitioner's claim that Ms. Wilson and Ms. Callahan were not properly cross-examined. With respect to the Petitioner's claim that there were no African-Americans on the jury or in the jury venire, the trial court concluded that the Petitioner had failed to show that the "under representation" resulted from systematic exclusion of African-Americans from the jury selection process.

The Petitioner appealed to this court and raised the issue of ineffective assistance of counsel. Following its review, a panel of this court affirmed the Petitioner's convictions and sentences. State v. Tracy Lynn Cope, No. E2009-00435-CCA-R3-CD, 2010 WL 2025469 (Tenn. Crim. App. May 20, 2010), perm. app. denied, (Tenn. Sept. 22, 2010). This court only addressed the Petitioner's contentions that trial counsel was ineffective for failing to properly explain which of his prior convictions could be used to impeach him if he testified at trial and failing to subpoena an eyewitness. See id. at *6. This court did not address whether trial counsel's cross-examinations of Ms. Wilson and Ms. Callahan amounted to ineffective assistance of counsel.

The Petitioner filed a timely, pro se petition for post-conviction relief on April 11, 2011. In the petition, the Petitioner repeated most of the claims from his motion and amended motions for new trial, in some instances word-for-word. The only exception was that in his paragraph complaining that "no black members were present to be selected during voir dire," the Petitioner stated that an "Indian" woman "was struck first during voir dire by the prosecution" in order to eliminate "the only minority present." On May 2, 2011, the post-conviction court issued an order summarily dismissing the petition on the grounds that all of the claims raised in the petition had been previously determined.

On appeal, the Petitioner contends that the post-conviction court erred by summarily dismissing his petition. The Petitioner argues that his contention regarding the removal of the "Indian" woman from the jury pool was not raised in his motion for new trial and not previously determined. The Petitioner also argues that his claim that trial counsel was ineffective in his cross-examinations of Ms. Wilson and Ms. Callahan was not previously determined because the trial court did not address it in its denial of the motion for new trial and this court did not address the claim on direct appeal. The Petitioner further argues that he was "likely to uncover other potentially colorable claims for litigation" had his petition not been summarily dismissed. The State responds that the Petitioner's claim regarding the

-2-

juror was either previously determined or waived for failure to raise it in a prior proceeding. With respect to the ineffective assistance of counsel claim, the State responds that generally ineffective assistance of counsel constitutes a single ground for relief. The State argues that allegations of additional facts to support the claim will not overcome the fact that the claim has been previously determined.

Relief under this state's post-conviction procedure is limited to "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. As a preliminary matter, the post-conviction court upon receipt of a petition must examine the factual allegations of the petition, and if "the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." Tenn. Code Ann. § 40-30-106(f). A ground for relief is generally considered waived "if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40-30-106(g). A ground for relief is considered previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn. Code Ann. § 40-30-106(f). A full and fair hearing is a proceeding "where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence." Id.

With respect to the Petitioner's claim regarding the racial make-up of his jury, we note that the Petitioner raised this issue in his motion for new trial. The trial court addressed the issue of the racial composition of the jury venire in its order denying the motion for new trial. However, the Petitioner could have challenged the trial court's ruling on appeal to this court, but he did not. Accordingly, we conclude that this issue was previously determined. Furthermore, even if the issue regarding the specific juror mentioned in the petition could be considered a new claim, the claim would be waived because the Petitioner could have raised the claim in his motion for new trial or on direct appeal but failed to do so.

Regarding the Petitioner's claim of ineffective assistance of counsel, we agree with the State that ineffective assistance of counsel is "generally 'a single ground for relief' under the post-conviction statute." Thompson v. State, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997) (quoting Cone v. State, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995). In his reply brief, the Petitioner argues that the cases the State cited for authority on this issue did not involve a pro se petition which was summarily dismissed and that this general rule should not be applied to his case. However, this court has previously held in a case involving the summary dismissal of a pro se petition that a claim of ineffective assistance of trial counsel, "having been previously determined by this court on direct appeal, cannot be considered anew in a post-conviction proceeding, despite the fact that the petitioner may not have made

the same allegations on direct appeal that he now makes in his post-conviction petition." Jay Homer Chambers v. State, No. E2004-01862-CCA-R3-CD, 2005 WL 2346974, at *2 (Tenn. Crim. App. Sept. 26, 2005); see also Ronald Yates v. State, No. W2008-02067-CCA-R3-PC, 2009 WL 4505436, at *3 (Tenn. Crim. App. Dec. 3, 2009) (stating the same principle of law and citing supporting cases, but involving a case where counsel was appointed and an amended petition was filed). Accordingly, we conclude that the Petitioner's claim of ineffective assistance of counsel has been previously determined. Furthermore, even if the factual ground complained of had not been previously determined, it would have been waived because the Petitioner raised it in his motion for new trial, but did not raise the ground on direct appeal after the trial court failed to address it in its order.

Finally, we address the Petitioner's claim that the trial court somehow erred by summarily dismissing his petition because there was a possibility that if counsel had been appointed more colorable claims for post-conviction relief could have been discovered. We note that Tennessee Code Annotated section 40-30-106(f) is clear that a petition must be dismissed if the petitioner fails to show that "the claims for relief have not been waived or previously determined." Here, the petition simply repeated all of the claims, in some instances word-for-word, from the Petitioner's motion and amended motions for new trial. All of the claims in the petition had been waived or previously determined; therefore, the trial court was required to summarily dismiss the petition. With respect to the Petitioner's contention that there were possible undiscovered factual grounds for a claim of ineffective assistance of counsel, this court has repeatedly warned that raising the issue of ineffective assistance of counsel on direct appeal is a "practice fraught with peril." See Thompson, 958 S.W.2d at 161. We decline to shield the Petitioner from the consequences of ignoring this warning.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE