IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2013

**CHARLES WILLIAMS VS. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 0704461    J. Robert Carter, Jr., Judge**

---

**No. W2012-00635-CCA-MR3-PC - Filed September 30, 2013**

---

On August 4, 2008, a Shelby County jury convicted Petitioner, Charles Williams, of first degree murder and especially aggravated robbery. *State v. Charles Williams*, No. W2008-02211-CCA-R3-CD, 2010 WL1930965, at \*1 (Tenn. Crim. App., at Jackson, May 13, 2010), *perm. app. denied,* (Tenn. Apr. 12, 2011). Petitioner was sentenced as a Range I, standard offender to consecutive sentences of life and fifteen years. In 2011, Petitioner filed a timely pro se petition for post-conviction relief, arguing that he received ineffective assistance of counsel at trial. The post-conviction court denied Petitioner relief. On appeal, Petitioner contends that the trial court erred in denying his petition. After a thorough review of the record, we affirm the trial court's denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

J. Jeffrey Lee, Memphis, Tennessee, for appellant, Charles Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Betsy Weintraub, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On the morning of Sunday, March 11, 2007, Percell Duckett discovered the body of the victim, Chris Smith, on a trail near his home in Shelby County. *Charles Williams*, 2010

WL 1930965, at *1. There was a gun laying near the victim's body. After he was arrested, Petitioner gave a statement in which he stated that he went to Terrance Rose's house the night in question. Co-defendant Rose invited Petitioner to accompany him to buy marijuana from the victim, despite the fact that he did not have enough money. *Id.* at *3. Co-defendant Rose gave Petitioner a gun. During negotiations, the victim became angry and turned his back on Co-defendant Rose and Petitioner. When the victim turned around, he was pointing a gun at Co-defendant Rose and Petitioner. The victim demanded that they empty their pockets. Petitioner stated that he fired the gun, which Co-defendant Rose had given him, at the victim. The victim returned fire. In a second statement Petitioner stated that before leaving, Co-defendant Rose showed him a gun and said "it will be easy." *Id.* Petitioner noted that the plan was to take the marijuana by force. In this second statement, Petitioner claimed that upon informing the victim that they were not going to pay, the victim showed them his gun. Petitioner began firing his gun as he and Mr. Rose ran away. *Id.*

After a jury trial, Petitioner was convicted of first degree murder and especially aggravated robbery. The trial court sentenced Petitioner to consecutive sentences of life and fifteen years as a Range I, standard offender to be served at 100 percent. *Id.* at *1. This Court affirmed the trial court's decision on direct appeal. *Id.*

On June 16, 2011, Petitioner filed a timely pro se petition for post-conviction relief, in which he argued that he received ineffective assistance of counsel at trial. An evidentiary hearing was held on November 21, 2011. On December 9, 2011, the post-conviction court entered an order denying the petition. On May 25, 2012, Petitioner filed an untimely notice of appeal. This Court waived the untimely filing of Petitioner's notice of appeal.

## Post-conviction Hearing

On November 21, 2011, the post-conviction court held an evidentiary hearing on the petition. Trial counsel testified that she was one of two attorneys who represented Petitioner at trial. She testified that she visited Petitioner both before and after the trial. According to trial counsel, during these visits, she and Petitioner discussed legal strategy, potential witnesses, and whether Petitioner should testify. Trial counsel testified that the indictment incorrectly charged Petitioner with felony murder because it stated that Petitioner acted with the intent to commit first degree murder during the perpetration of especially aggravated robbery. Trial counsel stated that she consulted with an appellate attorney and made the strategic decision to challenge the indictment in the motion for judgment of acquittal rather than pretrial. She based this decision, in part, on the content of the Rules of Criminal Procedure as to when an indictment may be amended. Trial counsel testified "[I]f I'd raised it sooner before the trial before the jury was sworn, the State could have potentially have had

the opportunity to amend the indictment and correct that wording and we would have lost the issue."

Trial counsel also testified that she recalled that one of the State's witnesses recognized a juror. This did not come to the trial court's attention until after the jury was selected. The juror never stated that she recognized any of the witnesses when the names of the trial witnesses were read, and the juror remained on the jury. At the post-conviction hearing, trial counsel recalled that the issue was raised after jury selection, and the trial court noted that little could be done at that particular point in the trial.

Trial counsel did not recall the State's characterizing the case as a gang-related homicide. She stated that there was evidence presented at trial that Co-defendant Rose had a gang manual in his bedroom. At trial, Sergeant Kevin Helms testified to the following, "[W]e help investigate crimes with the drug or gang nexus . . . . [A]ny crime that has gang activity or drug activity that's involved in it, they bring us in and we work it." Sergeant Helms later testified that he retrieved the murder weapon, "some clothes[,] and a gang manual." The trial court stated its concern about turning the case into a gang-related homicide and made the following suggestion to both sides:

> We have initially noted this is not a gang-related homicide. Yet, we're verging on getting evidence in here. And some of these witnesses are discussing these things. You need to talk to your witnesses before they come in if that's the State's position because we're hearing evidence here. It's almost verging on gang-related activity. And that's a little bit disturbing.
>
> If the respective counsel can instruct their witnesses to try to stay away from that area, I think this case would go a little bit smoother with the injection of that issue in the trial itself.

Trial counsel further testified that she did not move to strike the comments of Sergeant Helms because she did not think it damaged Petitioner's case.

Regarding Petitioner's argument that trial counsel should have called his aunt, Vanessa White, to testify, trial counsel testified that Petitioner had a previous criminal record of which Ms. White was aware. Trial counsel stated that Ms. White likely would have been questioned during trial about Petitioner's criminal record. Trial counsel testified that it was her belief that Vanessa White's testimony would have negatively impacted Petitioner's case. However, Ms. White did submit a letter to the Court regarding the character of Petitioner.

Trial counsel also testified that the investigator who was hired to locate Mr. Marquavious Hobbs, another potential witness, was unable to do so after several attempts.

At the post-conviction hearing, Petitioner testified that he met with trial counsel multiple times and was advised not to testify at trial. Petitioner testified that he wanted trial counsel to call Ms. White and Mr. Hobbs as witnesses, but neither was contacted. Petitioner acknowledged that his aunt was unfamiliar with the facts of his case but that she would have been appropriate as a character witness for sentencing. Petitioner testified that Mr. Hobbs was with him on the night of the incident, but he was not present at the crime scene. Petitioner stated that he was aware of trial counsel's efforts through an investigator to get in touch with Mr. Hobbs.

Petitioner testified that he was aware that trial counsel attempted to get his case dismissed by attacking his arrest. Petitioner stated that his preference was to play the entire audio recording of his statement to the police for the jury, rather than playing only portions. Petitioner additionally stated that the transcript of his statement that was presented to the jury contained "dots" for inaudible statements. Petitioner stated that had he testified at trial he would have admitted to the jury that he was present at the scene of the crimes but that he did not actually shoot the victim or carry a gun. Petitioner acknowledged that he gave a number of statements to the police, in which he admitted shooting the victim, and these statements were admitted at trial.

On December 9, 2011, the post-conviction court entered an order denying Petitioner relief for ineffective assistance of counsel. In the order, the post-conviction court stated that the evidence clearly showed that Petitioner's attorney was thoroughly prepared and fully engaged in his defense. The post-conviction court further stated that Petitioner failed to show that trial counsel's strategy was based on inadequate preparation or was deficient, or prejudicial. Petitioner appeals the denial of his petition.

## ANALYSIS

On appeal, Petitioner argues that the post-conviction court erred in determining that trial counsel's representation met the minimum standards to constitute effective representation. Further, Petitioner argues that he was afforded ineffective assistance of counsel when: (1) trial counsel failed to object to the State's faulty indictment until after the conclusion of the State's evidence; (2) trial counsel failed to object when a potential juror, who later became a final juror, stated that he/she was familiar with an investigating officer involved in the prosecution of Petitioner; (3) trial counsel failed to object to numerous statements regarding prejudicial gang involvement despite no prior ruling from the court that said evidence should be admitted; (4) trial counsel failed to object to the admission of a

police-generated transcript of the confessions, rather than requiring the best evidence, an audio recording; and (5) trial counsel failed to call a crucial witness with personal knowledge of the case.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.2d 450, 458 (Tenn. 2001).

### Ineffective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) counsel's deficient performance prejudiced the outcome of the case. *See Powers v. State*, 942 S.W.2d 551 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, a petitioner must show that trial counsel's services or advice was below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d. 930, 936 (Tenn. 1975). To demonstrate prejudice, the petitioner must show there is reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580 (Tenn. 1997).

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

*Failure to Object to Indictment*

Petitioner contends that trial counsel provided ineffective assistance when she failed to object to the State's faulty indictment until after the conclusion of the State's evidence. The indictment in this case alleges that Petitioner "did unlawfully and with the intent to commit First Degree Murder kill CHRISTOPHER SMITH during the perpetration of Especially Aggravated Robbery, in violation of T.C.A. 39-13-202 against the peace and dignity of the State of Tennessee." *Charles Williams*, 2010 WL 1930965, at *11. "At the time of the offense, first degree murder was defined as '[a] killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, act of terrorism, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse, aggravated child neglect or aircraft piracy' with the intent to commit the enumerated offense." *Id.*; *see also* T.C.A. § 39-13-202(2)(b). Petitioner alleges that it was the State's burden to prove that Petitioner intended to commit a robbery and, thus, robbery should have been listed in the indictment where first degree murder appears. Furthermore, Petitioner alleges that objecting to the faulty indictment in a pretrial motion would have yielded a different result.

Trial counsel testified at the post-conviction hearing that she consulted with her co-counsel and an appellate attorney in her office regarding her decision to challenge the indictment in the motion for judgment of acquittal rather than pretrial. Trial counsel further noted that it was her calculated belief that this strategy would result in a judgment of acquittal. Further, had the inconsistencies between the indictment and the proof at trial been raised by trial counsel pretrial, the indictment would have been amended and the case would have proceeded accordingly. Trial counsel consulted with an appellate attorney and made a strategic decision after adequate preparation.

Based on the evidence presented at the post-conviction hearing, Petitioner has failed to demonstrate that trial counsel provided deficient representation by moving for judgment of acquittal based on inconsistencies between the indictment and proof presented at trial after the State presented its proof, rather than raising the issue pretrial. As stated above, Petitioner is not entitled to the benefit of hindsight and this Court will not second-guess a reasonably based trial strategy. We conclude that trial counsel's decision was a sound, but unsuccessful, tactical decision made during the course of the proceedings.

Furthermore, Petitioner failed to provide evidence that this decision prejudiced the outcome of the case. Rather, the Petitioner has not shown that, but for the failure of trial counsel to object to the faulty indictment in a pretrial motion, the outcome of the case might have been otherwise. On direct appeal, this Court concluded that "the indictment described a crime under Tennessee law in that it referenced the appropriate statute for first degree felony murder and provided Petitioner with sufficient notice to prepare for trial" and to

prepare an adequate defense. *Charles Williams*, 2010 WL 1930965, at *12. Because this Court determined on appeal that there was no error, Petitioner cannot now prove that trial counsel's failure to object pre-trial prejudiced his case or that a pre-trial objection would have resulted in a different result.

Petitioner has failed to establish either prong of the requisite test for ineffective assistance of counsel under *Strickland*. Therefore, Petitioner is not entitled to relief on this issue.

*Failure to Object to a Member of the Jury*

Petitioner's second allegation is that trial counsel's performance was deficient when she failed to object to a potential juror who was recognized by an investigating officer involved with the prosecution. The juror in question remained as a final juror. One of the State's witnesses thought he recognized a juror as being the wife of someone he knew. However, the State's witness was not certain it was her, did not know her name, and stated that he had not seen her in five to six years.

Trial counsel testified that she did not object to the juror because there was no indication that the juror knew the officer. When the investigating officer's name was read during voir dire, the juror was not seated in the jury box but was seated in the gallery. The juror was not questioned regarding whether she recognized the officer and did not indicate that she recognized the officer. Petitioner did not submit evidence during the post-conviction hearing demonstrating that the juror recognized the State's witness and this somehow rendered her unable to carry out her duties impartially.

Petitioner has not demonstrated that trial counsel's performance was deficient and has failed to provide evidence that this decision prejudiced the outcome of the case. Therefore, Petitioner is not entitled to relief on this issue based on the two-pronged analysis in *Strickland*. *See* 466 U.S. at 687.

*Failure to Object to Statements of Gang Involvement*

Petitioner also argues that the trial court abused its discretion in holding that trial counsel provided effective assistance when she failed to object to numerous statements regarding gang involvement. There had been no prior ruling allowing the admittance of such evidence. At the post-conviction hearing, trial counsel testified that at the time the statements regarding gang involvement were made, she did not move to strike the comments because she did not believe the statements damaged Petitioner's defense. Trial counsel further stated that the decision not to move to strike the comments was a strategic decision

and that she believed the content regarding gang involvement was a general description of Sergeant Helms's duties, rather than an allegation towards Petitioner. The post-conviction court did not address this issue specifically.

This Court agrees with the State that the references to gangs were minimal. The references were limited to Sergeant Helms's description of his duties and the discovery of a gang manual at the co-defendant's residence. Trial counsel did not object to these statements as part of the defense strategy. It also appears from the record that trial counsel was adequately prepared. As stated above, this Court may not second-guess a strategic decision made by trial. Petitioner is not entitled to relief on this issue.

*Failing to Object to the Use of a Transcript at Trial*

Petitioner's next contention is that the trial court abused its discretion when it held that trial counsel provided effective assistance when she did not object to the admission of a written transcript of Petitioner's confessions, as opposed to requesting that an audio recording of the confessions be played for the jury. Petitioner, however, did not include the audio recording of his statements at trial in the record for the post-conviction court's examination. Trial counsel was not questioned about her decision to use the transcript and portions of the audio recordings instead of the entire audio recording. Petitioner testified that his preference was that the audio recording be played in its entirety because of missing portions of his statements to the police on the transcript. Petitioner did not, however, demonstrate how the missing portions of the transcript prejudiced his case, or how he might have been better served had the entire audio recording been played. Therefore, Petitioner has not proven trial counsel's failure to object amounts to deficient performance and that this failure to object prejudiced Petitioner's case. Petitioner is not entitled to relief on this issue.

*Failure to Present Crucial Witnesses*

Petitioner argues that the trial court abused its discretion in holding that trial counsel provided effective assistance when failing to call two crucial witnesses. Specifically, Petitioner alleges that trial counsel's failure to present Ms. White as a witness hindered his case. Petitioner's assertion is that his aunt could have testified to his character and, thus, provided background information that may have persuaded the jury in his favor. Likewise, Petitioner argues that trial counsel's failure to call Mr. Hobbs as a witness prejudiced his case.

Petitioner failed to produce either witness at the post-conviction hearing. "When a [post-conviction] petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the

petitioner a the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, presenting such witnesses is the only way a petitioner can establish that "the failure to discover or interview a witness inured to his prejudice . . . or . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence." *Id.* Accordingly, even a petitioner who establishes that trial counsel deficiently performed by failing to investigate or call witnesses is entitled to no relief "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." *Id.* at 757-58.

Petitioner failed to produce Ms. White or Mr. Hobbs as witnesses at the post-conviction hearing. Therefore, Petitioner cannot prove that he was prejudiced by the absence of these witnesses at trial. *See id.* at 757. Petitioner cannot meet both prongs set out in *Strickland* and, for this reason, cannot be successful on this issue. *See Strickland*, 466 U.S. at 687.

### *Failure to Offer Proof as to the Distance Between Petitioner and Victim*

Petitioner also contends that the post-conviction court erred in finding that counsel was not deficient when she failed to present proof as to the distance between Petitioner and the victim at the shooting. Petitioner contends that this information would have aided trial counsel's strategy for self-defense and argues that this evidence addresses the question of whether Petitioner could have seen if the victim was armed. However, Petitioner failed to raise these claims in his initial or amended petition for post-conviction relief, and the post-conviction court did not address these issues in its order. The State asserts that this issue is waived.

Ineffective assistance of counsel is a single claim for relief under the Post-Conviction Procedure Act even though the violation may be proved by multiple acts or omissions on the part of counsel. *Erika Louise Bunkley Patrick v. State*, No. W2004-02217-CCA-R3-PC, 2006 WL 211824, at *10 (Tenn. Crim. App., at Jackson, Jan. 24, 2006) (citing *Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997); *see also Cone v. State*, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995)). Thus, all factual allegations must be presented in one claim. *See* T.C.A. § 40-30-106(d). A petitioner may not relitigate a claim of ineffective assistance of counsel "by presenting new and different factual allegations" on appeal. *Erika Louise Bunkley Patrick*, 2006 WL 211824, at *10 (citing *Thompson*, 958 S.W.2d at 161; *Roger Clayton Davis v. State*, No. 03C01-9902-CR-00076, 2000 WL 21307 (Tenn. Crim. App., at Knoxville, Jan. 14, 2000), *perm. app. denied*, (Tenn. Sept. 5, 2000)); *see also Melvin Cofer v. State*, No. W2006-00631-CCA-R3-PC, 2007 WL 2781718, at *10 (Tenn. Crim. App., at Jackson, Sept. 25, 2007), *perm. app. denied*, (Tenn. Feb. 4, 2008). It appears that

Petitioner's additional factual allegation supporting his claim of ineffective assistance of counsel was not raised in his petition for post-conviction relief. Instead, this claim is now made in response to testimony from Petitioner given at the evidentiary hearing. However, the post-conviction court did not make any findings of fact on the factual allegations Petitioner now raises. *Erika Louise Bunkley Patrick*, 2006 WL 211824, at *10 (citing Tenn. R. App. P. 36(a) and holding that no "relief may be granted in contravention of the province of the trier of fact"). Consequently, this issue has been waived. *See Cone*, 747 S.W.2d at 357.

## CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's denial of the petition.

_____
JERRY L. SMITH, JUDGE