IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 10, 2001

### VERNON WEST v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-19669      W. Fred Axley, Judge**

_____

**No. W1999-01604-CCA-R3-PC - Filed February 12, 2001**

_____

Vernon West appeals the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. West collaterally attacks his conviction for second degree murder upon the grounds of ineffective assistance of counsel. Specifically, he contends that trial counsel was ineffective for failing to file a motion to sever, for failing to investigate the case and for failing to call two witnesses to testify at trial. After review of the record, we affirm the trial court's denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Jeffery S. Glatstein, Memphis, Tennessee, for the Appellant, Vernon West.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Kim R. Helper, Assistant Attorney General, William L. Gibbons, District Attorney General, and William D. Bond, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On July 19, 1995, the Appellant, Vernon West, was convicted of second degree murder and sentenced to twenty years in the Tennessee Department of Correction. His conviction and sentence were affirmed on direct appeal to this court. *See* State v. Derenzy Turner and Vernon West, No. 02C01-9512-CR-00390 (Tenn. Crim. App. at Jackson, July 11, 1997), *perm. to appeal denied* (Tenn. Feb. 23, 1998). On March 5, 1998, the Appellant filed a *pro se* petition for post-conviction relief

alleging ineffective assistance of trial counsel and a *Brady* violation.[1]  Following appointment of counsel, an evidentiary hearing was held at which time the post-conviction court denied the Appellant relief.  On appeal, the Appellant argues that trial counsel was deficient for (1) failing to seek a severance of his case at trial from that of his co-defendant, (2) failing to investigate certain aspects of the case no more than ten days before trial, and (3) failing to call two witnesses to testify at trial.  After review, we find no error.  Thus, we affirm the Shelby County Criminal Court's denial of relief.

The Appellant argues that he received ineffective assistance of counsel at trial.  In response, the State contends that "because petitioner has already litigated his claim of ineffective assistance of counsel [on direct appeal], his claim was previously determined and not cognizable in his post-conviction petition."  We agree.

On direct appeal, the Appellant raised as an issue the ineffective assistance of trial counsel.  One of the factual grounds for ineffectiveness addressed the question of whether counsel was deficient for not seeking a severance of his case at trial from that of his co-defendant.  This court, on direct appeal, found the Appellant's ineffectiveness claims without merit.  State v. Derenzy Turner and Vernon West, No. 02C01-9512-CR-00390.  This identical issue is again raised on appeal.  Because it has previously been determined, any further review by this court is foreclosed.  TENN. CODE. ANN. § 40-30-206(f).

Moreover, as to the remaining factual allegations of deficient performance, ineffective assistance of counsel is generally a "single ground for relief" under the post-conviction statute.  Cone v. State, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995), *perm. to appeal denied* (Tenn. 1996), *cert. denied*, 519 U.S. 934, 117 S. Ct. 309 (1996).  "The fact that such violation may be proved by multiple acts or omissions does not change the fact that there remains only one ground for relief."  Frank McCray v. State, No. 01C01-9108-CR-00255 (Tenn. Crim. App. at Nashville, Sept. 11, 1992).  A petitioner may not relitigate previously determined grounds for relief simply by adding factual basis for an ineffective assistance of counsel claim.  Cone, 927 S.W.2d at 581-82.  Thus, the Appellant's allegations of ineffective assistance of trial counsel in this appeal are waived because these claims have been previously determined on direct appeal.[2]  See  State v. Derenzy Turner and Vernon West, No. 02C01-9512-CR-00390.

Our holding today that the Appellant's claim of ineffectiveness was previously determined is based upon this court's ruling on direct appeal finding this claim without merit.  The 1995 Post-Conviction Act provides that:

---

[1]The allegation of a *Brady* claim was not raised on appeal.

[2]Notwithstanding our holding, we acknowledge that a claim that <u>appellate</u> counsel's performance was deficient remained viable as it was not yet ripe for determination at trial.  See, *e.g.*. Jonathan A. Hyler v. State, No. 01C01-9511-CR-00362 (Tenn. Crim. App. at Nashville, Sept. 19, 1996), perm. to appeal denied, (Tenn. Mar. 3, 1997); Kirby George Wallace v. State, No. 01C01-9308-CC-00275 (Tenn. Crim. App. at Nashville, Sept. 15, 1994).

> A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

TENN. CODE ANN. § 40-30-206(h). The issue of ineffectiveness of counsel, although not raised in the Appellant's Motion for New Trial, was raised on direct appeal. State v. Derenzy Turner and Vernon West, No. 02C01-9512-CR-00390. Accordingly, consistent with the authority of House v. State, 911 S.W.2d 705, 706 (Tenn. 1995), we conclude that the Appellant was provided the opportunity for a full and fair hearing sufficient to support a finding of "previous determination." Id. (Tennessee cases generally dealing with the concept of waiver in the post-conviction context apply an objective standard and impute the conduct of counsel to their clients). See, e.g., Melvin Darrell Sawyer v. State, No. 01C01-9811-CR-00440 (Tenn. Crim. App. at Nashville, Nov. 29, 1999), perm. to appeal denied, (Tenn. Jun. 26, 2000); Jonathan A. Hyler v. State, No. 01C01-9511-CR-00362; Jimmy Wayne Wilson v. State, No. 909 (Tenn. Crim. App. at Knoxville, May 29, 1991). This factual scenario again illustrates, as noted on direct appeal, that the practice of raising ineffective assistance of counsel claims on direct appeal is "fraught with peril" and should normally be raised by petitions for post-conviction relief. State v. Derenzy Turner and Vernon West, No. 02C01-9512-CR-00390. Again, for the foregoing reasons, the Appellant's claim of ineffective assistance of counsel is procedurally defaulted, having been previously determined on direct appeal. Thus, we affirm the Shelby County Criminal Court's denial of post-conviction relief.

_____
DAVID G. HAYES, JUDGE