IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 22, 2003

## MICHAEL TODD DRINNON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 02CR076     James E. Beckner, Judge**

_____

**No. E2002-00998-CCA-R3-PC**
**May 14, 2003**
_____

Michael Todd Drinnon appeals the dismissal of his second petition for post-conviction relief and attacks his convictions for a variety of reasons, mostly related to the claimed ineffectiveness of his trial counsel. The post-conviction court dismissed the petition as raising issues that had been previously determined and for failure to allege or establish grounds for reopening his previous petition. We affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Wayne R. Stambaugh, Morristown, Tennessee, for the Appellant, Michael Todd Drinnon.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General; and C. Berkeley Bell, Jr., District Attorney General.

### OPINION

In March 1997, Michael Todd Drinnon was convicted of two counts of felony evading arrest and two counts of driving on a revoked license. This is his third appearance before the appellate court regarding these convictions. On direct appeal, the petitioner challenged the sufficiency of the convicting evidence, the sentences that were imposed, and the trial court's ruling on a Fifth Amendment issue involving a testifying witness. *See State v. Michael Todd Drinnon (Drinnon I)*, No. 03C01-9708-CR-00347 (Tenn. Crim. App., Knoxville, Aug. 14, 1998). The facts, as briefly recounted by the appellate court, are:

> The state's evidence at trial was that the [petitioner], who has
> a revoked driver's license, ran a stop sign and then fled from Officer
> Bob Ellis of the Morristown Police Department on June 16, 1996.
> Shortly thereafter, on June 22, 1996, Officer Ellis again encountered

the [petitioner], who led him on a second chase. Officer Lynn Bales saw a videotape that Officer Ellis made of his second pursuit of the [petitioner], and on June 26, 1996, Officer Bales encountered an individual and a motorcycle, both of which matched those sought by Officer Ellis. The individual was the [petitioner].

The [petitioner's] trial evidence was that an individual other than himself had driven the motorcycle.

*Drinnon I*, slip op. at 2-3.

The court did not address the merits of the petitioner's evidence sufficiency argument because the record on appeal did not contain the trial exhibits, several of which "apparently depict[ed] tattoos on the [petitioner's] back and a similar tattoo on the back of the person the [petitioner] claim[ed] committed the crimes." *Drinnon I*, slip op. at 3. The remaining two issues were held to be waived based on the omission in the petitioner's brief of appropriate references to the record and the failure to include citation to relevant authorities. *Drinnon I*, slip op. at 3-5. Waiver notwithstanding, the court also concluded that the issues were without merit. *Drinnon I*, slip op. at 3-6.

The petitioner then pursued post-conviction relief. He filed a petition with the trial court alleging that through no fault of his, the trial court clerk failed to transmit the exhibits in his first appeal; therefore, according to the petitioner, he was entitled to a delayed appeal on the evidence sufficiency issue. He also alleged that his trial counsel had provided ineffective assistance of counsel. The post-conviction court granted a delayed appeal but denied relief on the claim of ineffective assistance. The petitioner appealed. *See Michael Todd Drinnon v. State (Drinnon II)*, No. E1999-2001-CCA-R3-PC (Tenn. Crim. App., Knoxville, Oct. 6, 2000).

In *Drinnon II*, the appellate court elected to address both the evidence sufficiency claim and the ineffective assistance argument, even though the ineffective assistance complaint should have been dismissed, without prejudice, pending review of the delayed appeal. *Drinnon II*, slip op. at 4. The court conducted a thorough review of the record, and although the trial evidence was circumstantial, the court held that the proof was legally sufficient to support the convictions. *Drinnon II*, slip op. at 4-6.

The appellate court's review of the ineffective assistance issue was, likewise, thorough. The petitioner had complained mightily that trial counsel should have tried to introduce into evidence the helmet that was with the motorcycle that the petitioner was repairing when he was arrested. That helmet, the petitioner argued, did not match an earlier description of the helmet worn by the perpetrator. The court, in its opinion, pointed out that because the petitioner did not testify at trial, no one was available to identify the helmet to supply an evidentiary foundation for its admission. *Drinnon II*, slip op. at 7.

The petitioner also complained that trial counsel should have introduced the motorcycle's drive-out or temporary tags showing ownership by another person, thereby casting doubt on the state's identification of the petitioner. The court, in its opinion, said that such evidence would have been "cumulative and would not have added anything to the petitioner's defense," because the other person admitted at trial that he owned the motorcycle at the time of the offenses and because ownership of the motorcycle was simply not an element of the charged offenses. *Drinnon II*, slip op. at 8. Moreover, the court noted that the evidence conflicted with other proof in the case that the tags on the motorcycle were registered to the petitioner at the time of his arrest. *Drinnon II*, slip op. at 8.

Two final identification issues that the petitioner argued had been mishandled by trial counsel were the failure to call "an expert in tattoo artistry" and not calling two alleged "alibi witnesses" and eliciting from them that the petitioner was helping them bury a dog at the time one of the offenses was committed. Both the post-conviction court and the reviewing court were unimpressed with these arguments. First, even if the tattoo expert could have testified that an eagle tattoo on the back of the perpetrator depicted in a police video was not the same as the petitioner's eagle tattoo, the expert knew and could have been asked about other tattoos on the perpetrator matching those on the petitioner. *Drinnon II*, slip op. at 8. Second, trial counsel was skeptical of the testimony of the alibi witnesses, and trial counsel believed that the extensive criminal record of one of the witnesses would have thoroughly impeached his credibility. *Drinnon II*, slip op. at 8-9.

Nothing, according to the court, entitled the petitioner to relief on his ineffective assistance of counsel claim. *Drinnon II*, slip op. at 9.

On April 8, 2002, the petitioner then filed a second petition for post-conviction relief. In that petition, he resurrected his previous complaints and added, *inter alia*, alleged incidents of ineffective assistance of counsel. The post-conviction court dismissed the petition by order entered April 2002 on the grounds that all issues had been previously determined and that no basis existed to allow a reopening or late consideration of the petition. We agree and affirm the dismissal of the petition.

Of the myriad allegations in his most recent petition, the petitioner urges on appeal (1) that trial counsel was ineffective in failing to timely subpoena Hamblen County E-911 tapes, which he claims contained (prior to their destruction) an exculpatory description of the motorcycle operated by the "true perpetrator," and (2) that he should receive a new post-conviction hearing because his first petition should have been dismissed without prejudice pending determination of his delayed appeal on evidence sufficiency.[1]

---

[1] While this appeal has been pending and while represented by counsel, the petitioner submitted correspondence and documents directly to the clerk of the court requesting consideration of additional matters. We construed the petitioner's submission as a motion for permission to file a supplemental brief with supporting documents, and we denied it as such on the basis that a party may not proceed *pro se* in this court while also represented by counsel. *See State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976); *State v. Cole*, 629 S.W.2d 915, 917 (Tenn. Crim. App. 1981).

(continued...)

We begin with the principle that ineffective assistance of counsel is generally a single ground for relief. *See Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997); *Cone v. State*, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995). Although such a constitutional violation may be demonstrated or proven by multiple acts or omissions, there, nevertheless, remains only one ground for relief. As the court in *Cone* admonished,

> A petitioner may not relitigate a previously determined issue by presenting additional factual allegations. We should not encourage post-conviction petitioners to invent new facts to revive an issue which was unfavorably decided, nor should we allow petitioners to "sandbag" by reserving factual claims until their second or third petition.

*Id.* at 582.

Regarding trial counsel's performance in connection with the E-911 tapes, the petitioner is merely attempting to relitigate or revive his ineffective assistance of counsel claim, which was adversely decided on an earlier occasion. He is not permitted to do so, as the post-conviction court correctly recognized.

Moreover, our post-conviction procedure act "contemplates the filing of only one (1) petition for post-conviction relief." Tenn. Code Ann. § 40-30-202(c) (1997). To underscore this point, the act further declares,

> In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217.

Tenn. Code Ann. § 40-30-202(c) (1997).

None of the exceptions or limited circumstances for reopening applies in this instance. The first exception for retrospective application of a constitutional right is not raised in the petitioner's latest filing. *See* Tenn. Code Ann. § 40-30-217(a)(1) (1997). The second exception for new scientific evidence establishing actual innocence is not implicated. *Id.* § 40-30-217(a)(2) (1997). Sentence enhancement, which is the third exception, is not an issue. *Id.* § 40-30-217(a)(3) (1997). The fourth exception deals with "facts underlying the claim [which], if true, would establish

---

[1](...continued)

For that reason, we confine our review to the arguments briefed by the petitioner's counsel.

-4-

by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." *Id*. § 40-30-217(a)(4) (1997). In his brief, the petitioner speculates that the E-911 tape "would have identified a different color motorcycle as the motorcycle driven by the true perpetrator . . . on June 16th, 1996, and June 22nd, 1996." This speculation does not rise to the level of clear and convincing evidence, and even if the petitioner is correct about the E-911 tape, at best it creates a factual dispute regarding identification of the perpetrator. It would not warrant setting aside the petitioner's conviction or sentence. Absent an applicable exception for reopening his first post-conviction petition, the petitioner is not entitled to consideration of the most recent petition.

As part of this appeal, the petitioner reaches back in time to complain that when his first post-conviction petition was considered, the court should not have granted a delayed appeal *and* ruled on the merits of his ineffective assistance of counsel claim. The petitioner points to the statement in *Drinnon II* that the ineffective assistance complaint should have been dismissed, without prejudice, pending review of the delayed appeal. *Drinnon II*, slip op. at 4. Because the ineffective assistance claim should not have been heard, the petitioner argues that he should have the opportunity for a new post-conviction hearing.

The petitioner's complaint arrives too late. The appropriate time to object was while his first post-conviction was pending. He could have moved the post-conviction court to dismiss his petition without prejudice, pending determination of his delayed appeal. He did not do so, and he will not be heard to complain on this -- his third -- appeal to this court.

Based upon the foregoing, we affirm the post-conviction court's dismissal of Drinnon's petition.

_____
JAMES CURWOOD WITT, JR., JUDGE