IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2015


**VERNON LAVONE ROBERTS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2011-D-3400      Steve R. Dozier, Judge**

**No. M2014-01371-CCA-R3-PC – Filed May 29, 2015**

Vernon Lavone Roberts ("the Petitioner") appeals from the dismissal of his petition for post-conviction relief. On appeal, the Petitioner argues that he received ineffective assistance of counsel. Upon review, we conclude that the Petitioner's claim was previously determined by this Court on direct appeal. Consequently, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Erik R. Herbert, Nashville, Tennessee, for the Appellant, Vernon Lavone Roberts.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Victor S. Johnson III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

**Background**

The Petitioner was indicted for two counts of sale of .5 grams or more of cocaine within 1,000 feet of a drug-free zone and two counts of sale of twenty-six grams or more of cocaine within 1,000 feet of a drug-free zone. On October 1, 2012, the Petitioner entered guilty pleas to all four counts, absent the drug-free zone enhancement, and was given an effective sentence of forty years' incarceration.

On October 30, 2012, the Petitioner filed a motion to set aside his guilty plea, claiming that he received ineffective assistance of counsel. Following a hearing, the trial court denied the motion. This Court affirmed the trial court's ruling on direct appeal, stating:

[The Petitioner] finally contends that his guilty pleas should be set aside because he received the ineffective assistance of counsel, which rendered his guilty plea not knowingly entered. [The Petitioner] complains that trial counsel waited five days before trial to file a motion to disclose the identity of the confidential informant. However, trial counsel explained that it was his strategy not to obtain the name of the confidential informant until that time because it had been the practice of the district attorney's office to cease plea negotiations once the identity and information for an informant was revealed to a defendant. He noted that this strategy had been quite successful over a twenty-three year period. Trial counsel testified that he would not have hesitated going to trial after receiving the confidential informant's name on the day of trial. In fact, trial counsel noted that he had received the name from the prosecutor on a piece of paper, but he did not look at it prior to settling the case because he was afraid that the State would withdraw any offers. Trial counsel noted that he did not have the informant's full name, but he had received part of the name from [the Petitioner].

As discussed above, the record shows that trial counsel met with [the Petitioner] multiple times, and they also spoke by phone. He reviewed the preliminary hearing testimony with [the Petitioner], and they discussed the strengths and weaknesses of the case. Trial counsel noted that on October 1, 2012, [the Petitioner] wanted to either make bond or get the case continued. On the day of trial, [the Petitioner] told trial counsel that he would accept an offer of eight to twelve years on community corrections, but trial counsel informed [the Petitioner] that was not an option. At the hearing on [the Petitioner]'s motion to withdraw his guilty plea, [the Petitioner] admitted that he knew that his trial date was set for October 1, 2012. He further admitted that it was not possible for him to make bond until his sentence for an unrelated case expired on October 24, 2012, which was after the scheduled trial date. [The Petitioner] knew that the trial court might not grant a request for a continuance on October 1, 2012, and that he would then be required to proceed with the trial.

After a full hearing [the Petitioner] failed to prove that trial counsel rendered ineffective assistance of counsel. The trial court did not err by ruling that [the Petitioner] was not entitled to relief.

State v. Vernon Lavone Roberts, No. M2013-00466-CCA-R3-CD, 2014 WL 730909, at *12-13 (Tenn. Crim. App. Feb. 25, 2014), no appeal filed.

On September 30, 2013, the Petitioner filed a petition for post-conviction relief, again alleging ineffective assistance of counsel. The post-conviction court conducted a hearing where trial counsel, the Petitioner's step-mother, and the Petitioner's fiancée's mother testified. In a written order, the post-conviction court specifically credited trial counsel's testimony and found the Petitioner had failed to prove that counsel was deficient or that the Petitioner suffered prejudice. Consequently, the petition was dismissed. This timely appeal followed.

**Analysis**

On appeal, the Petitioner argues that trial counsel was ineffective, claiming trial counsel: (1) failed to "conduct an adequate investigation;" (2) failed to communicate effectively with the Petitioner in preparation for trial; (3) wrongfully informed the Petitioner of his trial date and that the trial date would be continued; (4) failed to investigate the confidential informant; (5) failed to consult an expert to determine the exact distance of the alleged sales for the drug-free zone enhancement; and (6) failed to file a pretrial motion to prevent the Petitioner from being impeached by his prior record had he chosen to testify at trial. Additionally, the Petitioner argues that the cumulative effect of these errors "demonstrates constitutionally defective assistance of counsel." The State argues that the Petitioner's claim has previously been determined. We agree with the State.

Tennessee Code Annotated section 40-30-106 provides:

A ground for relief is previously determined if a court of competent jurisdiction had ruled on the merits after a full and fair hearing. A full and fair hearing had occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Tenn. Code Ann. § 40-30-106(h) (2012). Ineffective assistance of counsel is a single "ground for relief," and a petitioner may not relitigate a previously determined claim by presenting additional factual allegations in a subsequent petition. Cone v. State, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995).

This Court has repeatedly warned that the decision to raise an ineffective assistance of counsel claim on direct appeal is "fraught with peril." State v. Jimmy L. Sluder, No. 1236, 1990 WL 26552, at *7 (Tenn. Crim. App. Mar. 14, 1990), perm. app. denied, (Tenn. July 16, 1990); see also State v. Edward Shawndale Robinson, No. W2011-02000-CCA-R3-CD, 2013 WL 1799971, at *6 (Tenn. Crim. App. April 29, 2013), no appeal filed. By raising the claim on direct appeal, the defendant risks "having

the issue resolved finally 'without an evidentiary hearing which, if held, might be the only way harm could be shown—a prerequisite for relief in ineffective trial counsel claims.'" Edward Shawndale Robinson, 2013 WL 1799971, at *6 (quoting Jimmy Wayne Wilson v. State, No. 909, 1991 WL 87245, at *6 (Tenn. Crim. App. May 29, 1991)). "[O]nce the merits of an ineffective assistance of counsel claim have been addressed on direct appeal, the issue may not be revisited in a post-conviction proceeding." Id. (citing Bobby Allen Joyner v. State, No. 03C01-9807-CR-00260, 1999 WL 318832, at *2 (Tenn. Crim. App. May 19, 1999)).

In this case, the Petitioner raised a claim of ineffective assistance of counsel in his motion to set aside his guilty plea. A full hearing was conducted on the motion, where the Petitioner presented evidence on the issue of ineffective assistance of counsel. The trial court denied the motion. On appeal, this Court addressed the merits of the Petitioner's ineffective assistance of counsel claim, concluding that the Petitioner was not entitled to relief. Vernon Lavone Roberts, 2014 WL 730909, at *12-13. Even though the Petitioner raises additional factual grounds in the instant appeal, the Petitioner cannot rely on the new factual allegations to relitigate a previously determined claim. See Cone, 927 S.W.2d at 581-82. Therefore, we conclude that the Petitioner's ineffective assistance of counsel claim has been previously determined and is not cognizable in this petition. See Tenn. Code Ann. § 40-30-106(h).

## Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE