IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 2, 2021 Session

**STATE OF TENNESSEE v. SEDDRICK CURRY**

**Appeal from the Criminal Court for Shelby County
Nos. 13-03314, 13-04583   Jennifer Johnson Mitchell, Judge**

_____

**No. W2020-01103-CCA-R3-PC**

_____

The Petitioner, Seddrick Curry, pleaded guilty to two counts of aggravated burglary, one count of theft of property valued at $10,000 or more but less than $60,000, and one count of theft of property valued at $1,000 or more but less than $10,000, and he was sentenced to an effective thirty-year period of incarceration.  The Petitioner filed a motion to withdraw his guilty pleas, claiming that his pleas were not knowingly and voluntarily entered due, in part, to the ineffective assistance of counsel.  The trial court denied the Petitioner's motion, and the trial court's decision was affirmed on appeal.  The Petitioner then petitioned for post-conviction relief on the basis that he received ineffective assistance of counsel.  The post-conviction court denied his petition, and the Petitioner appeals.  After review, we conclude that the issue presented on appeal has been previously determined, and we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Anna R. Smith, Memphis, Tennessee, for the appellant, Seddrick Curry.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

In 2013, the Petitioner was charged in separate indictments with aggravated burglary and theft of property valued at $10,000 or more but less than $60,000 committed

on December 5, 2012 (case number 13-03314), and with aggravated burglary and theft of property valued at $1,000 or more but less than $10,000 committed on March 23, 2013 (case number 13-04583), as a result of his involvement in the burglaries of two residences.[1]  He pleaded guilty to the indictments on February 13, 2014, with no agreement in place as to sentencing.  As part of his pleas, the Petitioner stipulated that on December 5, 2012, he was a passenger in a vehicle identified as being involved in a burglary and stopped by law enforcement shortly after the burglary occurred.  Law enforcement recovered the victim's Xbox from the trunk of the vehicle.  The victim reported that other items had also been taken but only the Xbox was recovered.  On March 23, 2013, the Petitioner was detained after fleeing from the scene of a burglary in which witnesses observed the Petitioner and an accomplice take a television from the residence and place it in a van.

After a sentencing hearing, the trial court denied the Petitioner's request for alternative sentencing involving entry into the Jericho Project rehabilitation program supervised by community corrections.  The court found that the Petitioner was a career offender and that he committed the March 23, 2013, offenses while out on bond for the December 5, 2012, offenses.  The court imposed concurrent fifteen-year sentences for aggravated burglary and theft of property valued at $10,000 or more but less than $60,000 in case number 13-03314 and concurrent sentences of fifteen years for aggravated burglary and twelve years for theft of property valued at $1,000 or more but less than $10,000 in case number 13-04583.  The court ordered the effective sentence from each case number to run consecutively, totaling an effective sentence of thirty years in confinement.

The Petitioner subsequently filed a pro se motion to withdraw his guilty pleas, contending that his pleas were unknowing because he was led to believe he would be placed in the Jericho Project as part of an alternative sentence.  The trial court appointed counsel ("motion counsel") to represent the Petitioner, and an evidentiary hearing was held during which the attorney who represented the Petitioner at the plea hearing ("trial counsel"), the Petitioner, and Mr. William Robilio with the Jericho Project testified.

Mr. Robilio testified that when the Jericho Project received a referral, it was subject to approval by the trial court and that no advice was given as to the chances of placement into the program.  He stated that the Petitioner had been accepted into the program but that the trial court had not approved his entry at the time he was accepted.

---

[1] We take judicial notice of the appellate record in *State v. Seddrick Curry*, No. W2014-02104-CCA-R3-CD, 2015 WL 6872919 (Tenn. Crim. App. Nov. 6, 2015) (opinion affirming the trial court's order denying the Petitioner's motion to withdraw his guilty pleas), *perm. app. denied* (Tenn. Mar. 23, 2016).

The Petitioner alleged that various deficiencies by trial counsel led him to entering an unknowing plea. The Petitioner testified that trial counsel did not review his prior convictions and arrests with him and did not discuss whether he was a Range III or career offender. The Petitioner stated that trial counsel informed him of the Jericho Project and advised him that he would not be able to get into the program unless he pleaded guilty. The Petitioner said trial counsel told him that the purpose of the sentencing hearing was to determine whether the Petitioner would be placed in a community corrections program and that, if the Petitioner was not placed in the program, the Petitioner would "start over, go to trial, do all of this other process stuff over."

Trial counsel testified that he reviewed the presentence report with the Petitioner and that the Petitioner was already familiar with the Jericho Project and had asked trial counsel to investigate whether he could be admitted to the program. Trial counsel stated that he discussed the Jericho Project with the Petitioner on numerous occasions and told the Petitioner that it would be "a very close decision" as to whether he would be admitted. Trial counsel advised the Petitioner that the two avenues for him to be enrolled into the program were to be placed into a community corrections program through a guilty verdict following a plea or as the result of a trial. Trial counsel informed the Petitioner that based upon the evidence that would be presented at trial, he did not believe the Petitioner would be entered into the program if he proceeded to trial. The State did not agree to place the Petitioner into the Jericho Project, and trial counsel testified that he never promised the Petitioner that he would be enrolled in the program and that the Petitioner "was aware it was not guaranteed."

Motion counsel argued that the Petitioner "was not properly advised as to the [applicable sentencing range] and probably pled to the Court open, thinking he was going to get range three" rather than a career offender classification. Motion counsel also argued that the Petitioner decided to plead guilty in order to get into the Jericho Project on account of trial counsel's advice that "he was going to plead to Jericho and get Jericho." In denying the Petitioner's motion to withdraw, the trial court noted that the Petitioner was very familiar with the criminal justice system, and it did not credit the Petitioner's testimony that he believed he would be able to go to trial if the court did not place him in the Jericho Project. The Petitioner appealed, contending that the trial court abused its discretion by failing to consider his argument about whether a fraud or mistake had occurred, that he did not knowingly and voluntarily enter his pleas, and that he was denied the effective assistance of counsel. *State v. Seddrick Curry*, No. W2014-02104-CCA-R3-CD, 2015 WL 6872919, at *4 (Tenn. Crim. App. Nov. 6, 2015). In affirming the trial court's judgment, this court noted that the Petitioner was fully advised of the process and his options during the plea colloquy hearing, that his criminal history resulted in a career offender classification for purposes of sentencing, and that he was familiar with the criminal justice system because of his lengthy criminal history. *Id.* at *7. We

- 3 -

concluded that the record supported the trial court's determination that no manifest injustice supported the withdrawal of the pleas. *Id.* We also concluded that the Petitioner failed to prove his ineffective assistance of counsel claim because the trial court credited trial counsel's testimony, and we affirmed the trial court's judgment. *Id.*

In 2016, the Petitioner filed a pro se petition for post-conviction relief, and he filed an amended petition in 2018. Among other claims not pursued on appeal, the Petitioner alleged that he received ineffective assistance of counsel because trial counsel deficiently advised him that he had to plead guilty to receive an alternative sentence, inaccurately advised him of the likelihood that he would receive an alternative sentence involving the Jericho Project, failed to advise him that he faced consecutive sentencing because one of the offenses occurred while he was out on bond, and failed to challenge the value of property alleged to have been stolen in his theft of property valued at $10,000 or more but less than $60,000 charge. He claimed that he would not have entered the pleas but for trial counsel's deficient performance.

The Petitioner testified at the hearing and presented the testimony of trial counsel in support of his claim. During the hearing, the State attempted to cross-examine the Petitioner about his motion to withdraw his pleas. Upon objection by the Petitioner's post-conviction counsel, the State responded that the questioning was relevant to support its argument that the Petitioner's ineffective assistance of counsel claim was "previously li[ti]gated and ruled upon by the Court." The post-conviction court permitted the line of questioning to continue, ruling that the Petitioner's "thoughts about why he wanted [the motion filed] . . . are germane here." The State proceeded to cross-examine both the Petitioner and trial counsel about the motion to withdraw hearing. Following the hearing, the post-conviction court entered a written order detailing its findings of fact and conclusions of law and denying the petition. The Petitioner appeals.

## ANALYSIS

On appeal, the Petitioner maintains that he received ineffective assistance of counsel because trial counsel deficiently advised him that he had to plead guilty to receive an alternative sentence, inaccurately represented the likelihood that he would receive an alternative sentence involving the Jericho Project, failed to advise the Petitioner that he faced consecutive sentencing because one of the offenses occurred while he was out on bond, and failed to challenge the value of the property alleged to have been stolen in his theft of property valued at $10,000 or more but less than $60,000 charge. The State responds that the Petitioner's ineffective assistance of counsel claim was previously determined in the proceedings related to the Petitioner's motion to withdraw his guilty pleas. *See Seddrick Curry*, 2015 WL 6872919, at *7. The State also argues that the Petitioner failed to prove he received ineffective assistance of counsel.

The Petitioner did not file a reply brief, but he claimed at oral argument that the ineffective assistance of counsel claim was addressed under a different standard at the motion to withdraw hearing and that the State waived its argument that the claim was previously determined by failing to raise it prior to the post-conviction relief hearing. We agree with the State that the Petitioner's claim has been previously determined, and we affirm the denial of the Petitioner's petition for post-conviction relief on that basis.

A petitioner may request post-conviction relief by asserting that his conviction or sentence is void or voidable because of the abridgment of his constitutional rights provided by the Tennessee or the United States Constitutions. T.C.A. § 40-30-103. However, a petitioner's claim that "has been previously determined . . . cannot form the basis for post-conviction relief." *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) (citing *Harris v. State*, 947 S.W.2d 156, 174-75 (Tenn. Crim. App. 1996)). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-106(h). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id.*

A criminal defendant has a right to the assistance of counsel under the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The right to assistance of counsel inherently guarantees that counsel's assistance is "effective." *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). To prove that counsel was ineffective, a petitioner must show that (1) counsel performed deficiently and (2) such deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88. "Ineffective assistance of counsel is generally 'a single ground for relief' under the post-conviction statute" even though such a legal claim may be proven by multiple allegations of fact. *Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997) (quoting *Cone v. State*, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995); *Frank McCray v. State*, No. 01C01-9108-CR-00255, 1992 WL 217780, at *5 (Tenn. Crim. App. Sept. 11, 1992)). Thus, "[a] petitioner may not relitigate previously determined grounds for relief by presenting additional factual allegations" in a subsequent proceeding. *Id.* (citing *Cone*, 927 S.W.2d at 581-82).

We note initially that during oral argument the Petitioner did not refer to any authority requiring the State to affirmatively raise as a defense before the post-conviction relief hearing an argument that a claim was previously determined to avoid waiver. Opposite to the Petitioner's assertion, the Post-Conviction Procedure Act permits the post-conviction court to dismiss a petition if the petition "fail[s] to show that the claims for relief have not been waived or previously determined." T.C.A. § 40-30-103(f). In

any event, the post-conviction relief hearing transcript shows the State extensively questioned the Petitioner and trial counsel about the motion to withdraw hearing to support its argument that the Petitioner's claim was previously determined. Therefore, nothing precludes our review of whether the Petitioner's claim has been previously determined.

We turn to the sole issue raised by the Petitioner's appellate brief, whether trial counsel rendered ineffective assistance of counsel. The Petitioner litigated an ineffective assistance of counsel claim in a motion to withdraw his guilty pleas on the basis that trial counsel's deficient advice concerning alternative sentencing, the Jericho Project, and his sentencing range rendered his pleas unknowing and involuntary. The Petitioner, represented by motion counsel, was provided a full and fair hearing in which he testified and presented the testimony of trial counsel and Mr. Robilio of the Jericho Project in support of his motion. The trial court denied the Petitioner's motion, and he maintained his ineffective assistance of counsel claim among other claims on appeal. *See Seddrick Curry*, 2015 WL 6872919, at *4. Citing the *Strickland* standard for proving ineffective assistance of counsel claims, we concluded that the Petitioner failed to present clear and convincing evidence that trial counsel was ineffective. *Id.* at *7. The Petitioner then filed a petition for post-conviction relief in which he raised an ineffective assistance of counsel claim based on the same factual allegations regarding alternative sentencing and the Jericho Project that were litigated previously. The Petitioner raised additional allegations that trial counsel failed to challenge the value of property alleged to have been stolen in his theft of property valued at $10,000 or more but less than $60,000 charge and failed to advise him about his exposure to consecutive sentencing. After his petition was denied, the Petitioner appealed to this court, maintaining those factual allegations to support his ineffective assistance of counsel claim.

We conclude that the issue regarding trial counsel's effectiveness has been previously determined in the proceedings related to the Petitioner's motion to withdraw his guilty pleas. This court specifically concluded that "the [Petitioner] failed to prove his ineffective assistance of counsel claim." *Seddrick Curry*, 2015 WL 6872919, at *7; *See Quinton Bonner v. State*, No. W2017-00925-CCA-R3-PC, 2018 WL 4520935, at *3-4 (Tenn. Crim. App. Sept. 20, 2018) (concluding that the petitioner's post-conviction relief claim of ineffective assistance of counsel was previously determined where the issue was litigated in a motion to withdraw his guilty plea and denied on the merits after a full and fair hearing); *Kenneth L. Peachman v. State*, No. M2013-02171-CCA-R3-PC, 2014 WL 2567136, at *4 (Tenn. Crim. App. June 6, 2014) (the petitioner's claim for post-conviction relief that his guilty pleas were not knowing and voluntarily entered due to ineffective assistance of counsel was previously determined where the claim was denied on the merits after a full and fair hearing on his motion to withdraw his guilty plea). Also, the Petitioner may not relitigate the issue of his trial counsel's effectiveness

- 6 -

by raising additional allegations of fact which may not have been determined on the merits previously. *See Thompson*, 958 S.W.2d at 161. Because the issue of ineffective assistance of counsel raised by the Petitioner on appeal has been previously determined, we conclude that he is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE