IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 9, 2025 Session

## QUADARIUS DEVONTA BUFFORD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. H-9538   Clayburn L. Peeples, Judge**

_____

### No. W2024-01691-CCA-R3-PC

_____

The Petitioner, Quadarius Devonta Bufford, appeals from the Gibson County Circuit Court's denial of his petition for post-conviction relief from his conviction for first degree felony murder, for which he was sentenced to life imprisonment. The Petitioner alleges that the post-conviction court erred by denying relief on his ineffective assistance of counsel claim, his claim of prosecutorial misconduct, and his request for funds for a medical expert.  He also seeks relief due to the cumulative effect of trial counsel's multiple deficiencies of performance.  We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and TOM GREENHOLTZ, JJ., joined.

Cynthia Chandler (on appeal), Medina, Tennessee; and Joseph E. Tubbs (at post-conviction hearing), Humboldt, Tennessee, for the appellant, Quadarius Devonta Bufford.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Frederick H. Agee, District Attorney General; and Jason C. Scott and Scott G. Kirk, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The Petitioner was convicted of first degree felony murder during the perpetration of aggravated child abuse and sentenced to life imprisonment.  In the appeal from the

conviction, this court affirmed the Petitioner's conviction and summarized the facts as follows:

> On the morning of November 21, 2013, [the mother] left the victim at home in the care of the Defendant while she first took her older child to school and then went to work. Although the victim had been suffering from an upset stomach for the previous two days, he appeared to be fine when the victim's mother left the home that morning. Approximately two hours later, the Defendant called to tell her that the victim was foaming at the mouth and unconscious, and she instructed him to call 911. When the first responder arrived at the home shortly after 10:20 a.m., he found the victim gasping for air. The victim was transported to a local hospital, from which he was airlifted to Le Bonheur Children's Hospital in Memphis, where he died during surgery that same day. The medical examiner who autopsied the victim's body determined that the cause of death was blunt force trauma to the victim's abdomen, that the manner of death was homicide, and that the lethal injuries were sustained within a short time before the victim was brought to the hospital. Because the victim was in the sole care of the Defendant during that time, the Defendant was indicted for first degree felony murder during the perpetration of aggravated child abuse.

*State v. Quadarious Devonta Bufford*, No. W2018-00548-CCA-R3-CD, 2019 WL 3072121, at *1 (Tenn. Crim. App. July 12, 2019), *perm. app. denied* (Tenn. Dec. 10, 2019).

The Petitioner filed a pro se petition for post-conviction relief. The post-conviction court appointed post-conviction counsel, who filed an amended petition and a motion for funds to retain a medical expert for the post-conviction proceedings. The court denied the motion, and the Petitioner filed a second amended petition alleging that (1) he received the ineffective assistance of trial counsel; (2) he was denied a fair trial due to prosecutorial misconduct; and (3) he was denied a fair trial due to the cumulative effect of counsel's performance deficiencies. The State countered that the Petitioner's allegations regarding the ineffective assistance of counsel had been previously determined because the Petitioner raised that allegation in his motion for new trial. The State also contended that the Petitioner's stand-alone claim of prosecutorial misconduct was waived because the Petitioner could have presented it in the appeal from the conviction proceedings.

After a hearing, the post-conviction court denied relief. The court found that the Petitioner failed to prove trial counsel's performance was deficient and that the Petitioner suffered prejudice. The court addressed the prosecutorial misconduct claim only as to

whether counsel was ineffective for failing to object during closing argument and concluded that counsel's performance was not deficient. This appeal followed.

On appeal, the Petitioner alleges that the post-conviction court erred by (1) denying relief on his ineffective assistance of counsel claim, (2) denying relief on his claim of prosecutorial misconduct, and (3) denying his request for funds for a medical expert for the post-conviction proceedings. He alleges that counsel was ineffective for failing to (1) file a motion in limine and object to testimony giving an inference of sexual abuse, (2) consult with and obtain an independent medical expert, (3) object to prosecutorial misconduct, and (4) effectively cross-examine witnesses. He also seeks relief due to the cumulative effect of counsel's multiple acts of deficient performance. The State argues that the Petitioner's prosecutorial misconduct claim is waived for failing to present it in the appeal from the conviction proceedings, that the post-conviction court did not err by denying funds for an expert, and that the Petitioner is not entitled to relief under the cumulative error doctrine. In reply, the Petitioner requests plain error review of his prosecutorial misconduct claim.

After oral argument, we requested supplemental briefing as to whether the Petitioner's ineffective assistance of trial counsel claim was previously determined.[1] The State argues in its supplemental brief that the Petitioner's ineffective assistance of counsel claim is precluded from review because the Petitioner raised it in his motion for new trial, and the trial court denied the motion after a hearing. Additionally, the State asserts that the Petitioner's claim is waived because the Petitioner could have raised the denial of that claim in the appeal from the conviction proceedings. The Petitioner argues that his ineffective assistance of counsel claim was not previously determined because he did not receive a full and fair hearing on his motion for new trial. The Petitioner also alleges that the State, by failing to argue waiver in its appellate brief, has waived any argument that the Petitioner's ineffective assistance of counsel claim is waived. Of note, the Petitioner raised a claim of ineffective assistance of appellate counsel for the first time in his supplemental brief.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of

---

[1] "[A]n appellate court 'may in its discretion consider other [unpresented] issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process.'" *State v. Bristol*, 654 S.W.3d 917, 927 (Tenn. 2022) (quoting Tenn. R. App. P. 13(b)). The Post-Conviction Procedure Act provides that a claim for relief is not properly before this court if it has been previously determined or waived. *See* T.C.A. §§ 40-30-106(f), (g) & (h) (2025).

Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2025). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2025). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

The Post-Conviction Procedure Act bars relitigation of claims that have been "previously determined." T.C.A. § 40-30-106(f) (2025); *see Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived.") (citation omitted); *Cone v. State*, 927 S.W.2d 579, 582 (Tenn. Crim. App. 1995) ("A petitioner may not relitigate a previously determined issue by presenting additional factual allegations."); *Dennis Evans v. State*, No. W2017-01619-CCA-R3-PC, 2018 WL 4961490, at *10 (Tenn. Crim. App. Oct. 15, 2018) ("'Issues not addressed in the post-conviction court will generally not be addressed on appeal.'") (quoting *Walsh v. State*, 166 S.W.3d 641, 645 (Tenn. 2005)). A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. T.C.A. § 40-30-106(h).

Furthermore, a post-conviction ground for relief is waived when a petitioner had the opportunity but failed to raise the claim before a court of competent jurisdiction. Tennessee Code Annotated section 40-30-106(g) provides:

> A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
>
> (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
>
> (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

*See Mobley v. State*, 397 S.W.3d 70, 104 (Tenn. 2013) (holding that the petitioner waived his post-conviction claim by not presenting it to the trial court or on appeal from the conviction proceeding).

### 1.      Ineffective Assistance of Counsel Claim

The trial court record reflects that on November 19, 2015, the Petitioner filed a motion for new trial alleging the ineffective assistance of trial counsel and that the evidence was insufficient to support his conviction. On January 8, 2018, the trial court held a hearing regarding the motion. At the hearing, defense counsel addressed the court saying, "The basis for our motion for new trial and what we're asking the court to give us a new trial on the basis of, basically, is ineffective counsel—assistance of counsel." The court heard argument regarding whether trial counsel (1) should have retained an independent medical expert and (2) should have introduced evidence of instances of abuse that occurred in the victim's family before the Petitioner became involved with the family. The court continued the hearing to February 23, 2018. At the February 23 hearing, counsel said, "We don't have any further argument. We're just here to hear your Honor's ruling on the Motion for New Trial." The court denied the motion.

The Petitioner argues that he did not receive a full and fair hearing regarding his ineffective assistance of counsel claim because his counsel failed to call any witnesses or present any evidence at the motion hearing and because the trial court failed to make findings of fact. However, we need not address the Petitioner's arguments in this regard because the Petitioner's claim is waived. The trial court record reflects that the Petitioner raised an ineffective assistance of counsel claim in his motion for new trial, which the trial court denied. The Petitioner had the opportunity to raise the court's denial of his ineffective assistance of counsel claim in the appeal from his conviction proceedings, but he failed to do so. *See id*. § 40-30-106(g). Being mindful of the Post-conviction Procedure Act's statutory constraints, we decline the Petitioner's invitation to hold that the State has waived its defense of waiver by raising it in the supplemental briefing requested by this court. The Petitioner responded to the State's supplemental brief and presented argument against waiver. The Petitioner is not entitled to relief on this basis.

Regarding the Petitioner's claim of ineffective assistance of appellate counsel that was first raised in his supplemental brief, this court has held that "an issue raised for the first time on appeal is waived." *Cauthern*, 145 S.W.3d at 599; *see* T.C.A. § 40-30-106(g).

Finally, the Petitioner asks that, regardless of waiver, we consider his ineffective assistance of counsel claim in the interests of justice. The Petitioner argues that we should apply the rationale from our supreme court's holding in *Workman v. State,* where the court found that the interests of justice outweighed any State interest in applying the applicable statute of limitations. 41 S.W.3d 100, 103-04 (Tenn. 2001). We decline. In *Workman,* the petitioner filed an untimely petition for writ of error coram nobis, and the court concluded that "due process precludes the application of the statute of limitations." *Id.* at 103. The court inquired whether a petitioner convicted of a capital crime should

have an opportunity to show that newly discovered evidence could establish his innocence. *Id*. at 102-04. The *Workman* rationale, however, does not apply to the circumstances of this case. Here, we are not addressing a capital crime, newly discovered evidence of innocence, or the tolling of a statute of limitations. The Petitioner is not entitled to relief on this basis.

### 2. Funds for a Medical Expert

The Petitioner alleges that the post-conviction court erred by failing to fund a medical expert for the post-conviction proceedings. The State counters that Tennessee Supreme Court Rule 13 does not authorize funds for experts in non-capital post-conviction proceedings, even if the petitioner is indigent.

Tennessee Supreme Court Rule 13 states that "[i]n non-capital post-conviction proceedings, funding for investigative, expert, or other similar services shall not be authorized or approved." Tenn. R. Sup. Ct. 13 § 5(a). Similarly, our supreme court has held that "the state is not required to provide expert assistance to indigent non-capital post-conviction petitioners." *Davis v. Smith*, 912 S.W.2d 689, 696-97 (Tenn. 1995). The post-conviction court was not authorized to provide funding for a medical expert. Accordingly, the court did not err by denying the Petitioner's request. The Petitioner is not entitled to relief on this basis.

### 3. Prosecutorial Misconduct

The Petitioner contends that he was deprived of due process because of prosecutorial misconduct during closing argument. The State counters that the Petitioner waived his stand-alone claim for prosecutorial misconduct for failing to present it for determination in the appeal from the conviction. In his reply brief, the Petitioner asserts that this court may grant relief pursuant to the plain error doctrine.

The Petitioner had an opportunity to raise this issue on appeal from the conviction and failed to do so. Accordingly, his claim is waived. *See* T.C.A. § 40-30-106(g); *Darryl Robinson v. State*, No. W2022-00048-CCA-R3-PC, 2023 WL 387076, at *7 (Tenn. Crim. App. Jan. 25, 2023) (The petitioner waived his stand-alone prosecutorial misconduct claim for failing to raise it in the appeal from his convictions.), *perm. app. denied* (Tenn. Apr. 17, 2023); *Juan Vargas v. State*, No. M2019-00620-CCA-R3-PC, 2020 WL 919250, at *10 (Tenn. Crim. App. Feb. 26, 2020) (The petitioner's prosecutorial misconduct claim was waived for failing to raise it in the appeal from the conviction.); *Jeffrey Boyd Trusty v. State*, No. M2012-01128-CCA-R3-PC, 2013 WL 5883813, at *16 (Tenn. Crim. App. Oct. 31, 2013) (The post-conviction petitioner's free-standing constitutional claim related to alleged prosecutorial misconduct was waived for

6

failure to present it in the appeal from the convictions.), *perm. app. denied* (Tenn. Mar. 11, 2014).

Although the Petitioner requested plain error review, our supreme court has determined that the plain error doctrine "may not be applied in post-conviction proceedings to grounds that would otherwise be deemed waived or previously determined." *Walsh v. State*, 166 S.W.3d 641, 645-46 (Tenn. 2005); *see Grindstaff v. State*, 297 S.W.3d 208, 219 (Tenn. 2009). As a result, the Petitioner is precluded from plain error review of this claim.

### 4.      Cumulative Effect of Deficiencies of Performance

The Petitioner contends that he is entitled to a new trial based upon the cumulative effect of trial counsel's multiple instances of alleged deficient performance and of prosecutorial misconduct during closing argument. Because those claims for relief have been waived, the cumulative error doctrine does not apply. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.


**s/Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE