IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2025

**CLARENCE WILLIS MOORE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Wilson County**
**No. 17-CR-372      Brody N. Kane, Judge**

_____

**No. M2024-00078-CCA-R3-PC**

_____


The Petitioner, Clarence Willis Moore[1], appeals the denial of his petition for post-conviction relief from his Class B felony drug convictions, arguing that he was denied the effective assistance of counsel due to trial counsel's failure to review videotape evidence with him or to convey the State's plea offer, and that the post-conviction court erred by concluding that the Petitioner was not a credible witness. Because the Petitioner's claim that he was denied the effective assistance of counsel was previously determined by the trial court in the Petitioner's motion for new trial, we conclude that the issue is waived. Accordingly, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**


JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P. J, and KYLE A. HIXSON, J., joined.

Jamie Tarkington and James A. Simmons, Hendersonville, Tennessee (on appeal), and Winston Davis, Lebanon, Tennessee (at hearing), for the appellant, Clarence Willis Moore.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; and Jason Lawson, District Attorney General, for the appellee, State of Tennessee.


**OPINION**

---

[1] We note that the Petitioner's name is listed as Clarence Willis Moore, Jr. in the direct appeal.

# FACTS

In 2017, the Wilson County Grand Jury indicted the Petitioner for four counts of selling 0.5 grams or more of cocaine within 1,000 feet of a childcare agency, in violation of the Drug-Free School Zone Act. *State v. Moore*, No. M2020-00704-CCA-R3-CD, 2021 WL 4144056, at *1 (Tenn. Crim. App. Sept. 13, 2021), *perm. app. denied* (Tenn. Jan. 14, 2022). The Petitioner was convicted by a jury of two of the counts and acquitted of two of the counts. He was subsequently sentenced by the trial court as a Range III, persistent offender to an effective term of forty-seven years in the Tennessee Department of Correction, with the trial court ordering a minimum sentence of twenty years on each count pursuant to Tennessee Code Annotated section 39-17-432(b). *Id.*

The transcript of the hearing on the motion for new trial reveals that the Petitioner raised ineffective assistance of counsel as one of several issues in his motion for new trial. The trial court addressed the issue at length in its oral ruling denying the motion for new trial. The trial court noted that trial counsel was successful in obtaining not guilty verdicts on two of the counts of the indictment, observed that it could not contemplate where or how a defense expert witness would have helped the Petitioner's case, and found that trial counsel's decisions on which motions to file or objections to raise at trial were strategic ones. The trial court concluded that the Petitioner failed to show that trial counsel was deficient in his representation or that any alleged deficiency prejudiced the outcome of his case. The trial court's ruling states in pertinent part:

> My recollection of [trial counsel] is he did a good job on this case. The facts are the facts, and the jury found against him, but he fought a good fight, so to speak, at least that is my recollection. So, I can't find he's ineffective, based on the trial that was held and what happened at the end of trial and what he did during the trial.

As issues in his direct appeal, the Petitioner argued that the evidence was insufficient to sustain his convictions and that the trial court erred by admitting into evidence a "snip shot" of a map from an online database to show the proximity of the offenses to a school zone. *Id.* at *3. This court affirmed the convictions and the effective forty-seven-year sentence at forty-five percent release eligibility. However, because there was insufficient proof that the drug sales occurred within 1,000 feet of a childcare agency or childcare center, we "modif[ied] the sentence to exclude the harsher penalty requiring service of the twenty-year minimum sentence on each count." *Id.* The Petitioner did not raise the trial court's ruling on ineffective assistance of counsel in his direct appeal.

On October 18, 2022, the Petitioner filed a pro se petition for post-conviction relief in which he raised several different claims, including ineffective assistance of trial counsel. The post-conviction court found that the Petitioner presented a colorable claim and appointed post-conviction counsel, who filed an amended petition alleging that trial counsel was ineffective for, among other things, "not soliciting plea offers" and "not communicating said offers" to the Petitioner.

At the October 31, 2023 evidentiary hearing, the Petitioner testified that trial counsel never provided discovery, never communicated with him the State's offer of twenty-five years, never discussed the case, and never explained the potential sentences he faced if convicted of the offenses at trial, including concurrent versus consecutive sentencing. He said that had he known about the State's twenty-five-year offer, he would have accepted it instead of going to trial. He had no memory of any of his prior trial counsel having shown and discussed the offer with him, of their having shown him the discovery in the case, or of their having explained his potential exposure at trial.

According to the post-conviction court's order denying the petition, trial counsel died on September 19, 2021. As witnesses at the evidentiary hearing, the State presented two of the Petitioner's prior trial counsel: the assistant public defender who represented the Petitioner until her office discovered a conflict, and the private defense attorney who was appointed to represent the Petitioner sometime in 2017 but subsequently withdrew from representation. Each prior counsel testified to having shown and thoroughly discussed with the Petitioner the twenty-five-year offer. Each also testified about having provided discovery to the Petitioner and having explained to the Petitioner the potential maximum sentences he faced if convicted at trial.

As exhibits to the hearing, the State introduced the State's twenty-five-year offer dated March 31, 2017, and the transcript of the hearing on the motion for new trial, in which one of the issues raised by the Petitioner was a claim of ineffective assistance of trial counsel.

At the conclusion of the post-conviction evidentiary hearing, the State argued that the issue of ineffective assistance of counsel, having been previously determined against the Petitioner at the hearing on the motion for new trial, was waived. In the alternative, the State argued that the Petitioner failed to meet his burden of demonstrating ineffective assistance of trial counsel.

On December 15, 2023, the post-conviction court entered an order denying the petition on the basis that the Petitioner failed to show either deficiency in trial counsel's performance or prejudice to his case. The post-conviction court specifically accredited the

testimony of the Petitioner's two prior counsel over that of the Petitioner, finding that, although the Petitioner appeared sincere, his "lack of memory to crucial portions of his claim and his parsing of language" caused the post-conviction court "concern as to his overall truthfulness and consequently to his overall claim of ineffective assistance of counsel." Thereafter, the Petitioner filed a timely notice of appeal to this court.

## ANALYSIS

"Ineffective assistance of counsel is generally 'a single ground for relief' under the post-conviction statute" even though it may be proven by multiple allegations of fact. *Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997) (quoting *Cone v. State*, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995); *Frank McCray v. State*, No. 01C01-9108-CR-00255, 1992 WL 217780, at *5 (Tenn. Crim. App. Sept. 11, 1992)). Thus, "[a] petitioner may not relitigate previously determined grounds for relief by presenting additional factual allegations" in a subsequent proceeding. *Id.* (citing *Cone*, 927 S.W.2d at 581-82). A post-conviction claim for ineffective assistance of counsel will be dismissed when that claim has previously been determined by another court. Tenn. Code. Ann. § 40-30-106(f). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id.* at § 40-30-106(h). Further, a claim will be treated as waived when "not raised before a court of competent jurisdiction in which the ground could have been presented." *Id.* at § 40-30-106(g).

Although a defendant may raise an ineffective assistance of counsel claim in a motion for new trial or on direct appeal, this court has repeatedly cautioned that "the practice . . . is fraught with peril since it is virtually impossible to demonstrate prejudice as required without an evidentiary hearing." *State v. Blackmon*, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001) (internal quotations and citation omitted). Nonetheless, the Petitioner raised the issue at his motion for new trial, and the trial court ruled on it. The Petitioner could have raised the trial court's denial of his ineffective assistance of counsel claim as an issue on direct appeal but chose not to. Because the Petitioner's claim of ineffective assistance of counsel has been previously determined, we affirm the denial of his petition for post-conviction relief.

- 4 -

## CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court denying the petition for post-conviction relief.

s/ John W. Campbell
JOHN W. CAMBPELL, SR., JUDGE