FILED
04/10/2025
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2025

## VANA MUSTAFA v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
No. 2017-A-393     Mark J. Fishburn, Judge

_____

### No. M2024-01099-CCA-R3-PC

_____

The Petitioner, Vana Mustafa, appeals from the post-conviction court's summary dismissal of his amended petition for post-conviction relief. He contends that, although his claim of ineffective assistance of trial counsel was litigated in his motion for new trial and on direct appeal, he is nonetheless entitled to post-conviction relief based on new grounds of trial counsel's alleged ineffectiveness. In addition, he argues that appellate counsel was ineffective for failing to include these new grounds on direct appeal. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JOHN W. CAMPBELL, SR., J., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Vana Mustafa.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Janice A. Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.    FACTUAL AND PROCEDURAL HISTORY

The Petitioner was convicted by a Davidson County jury of first degree murder in 2017, despite retained trial counsel's attempt to present evidence to the jury that the Petitioner acted in self-defense. Following his conviction, the Petitioner retained new counsel ("appellate counsel"), who represented him through the motion for new trial proceedings and on direct appeal. Appellate counsel raised ineffective assistance of trial

counsel in the Petitioner's motion for new trial, presenting testimony at the hearing on the motion from multiple witnesses and extensive argument in support of numerous allegations of trial counsel's purported deficiencies. After the trial court denied the Petitioner's motion, the same argument was pursued on direct appeal, in concert with other claims of error on the part of the trial court. In a lengthy opinion addressing each allegation, this court affirmed the Petitioner's conviction, concluding in relevant part that "trial counsel's performance was not deficient and . . . [the Petitioner] was not deprived of his right to a fair trial." *State v. Mustafa*, No. M2020-01060-CCA-R3-CD, 2022 WL 2256266, at *42 (Tenn. Crim. App. June 23, 2022), *perm. app. denied* (Tenn. Jan. 23, 2023). A detailed recitation of the facts underlying these offenses, as well as the proof presented at the Petitioner's motion for new trial, can be found in this court's opinion on direct appeal. *See id.* at *1-21.

Following his direct appeal, the Petitioner again retained new counsel ("post-conviction counsel") and filed a timely petition for post-conviction relief. In both the original petition and its subsequent amendment, the only basis for the relief sought was the ineffective assistance of trial counsel. The State filed a motion to dismiss the petition and argued that the issue of ineffective assistance of trial counsel had been previously determined. At a hearing on the motion to dismiss, post-conviction counsel conceded that each of the specific "grounds" raised in the Petitioner's original petition were the same as those pursued on direct appeal, and these grounds were thereby waived in the post-conviction proceeding. *See Mustafa*, 2022 WL 2256266, at *34-42. However, post-conviction counsel insisted that the allegations contained in the Petitioner's amended petition constituted "new grounds" that had not been previously determined "under the ineffective assistance generalized claim."[1] The post-conviction court granted the State's motion and dismissed the petition, and its amendment, finding that "ineffective assistance of counsel ha[d] been fully litigated" in this case. The post-conviction court also noted that allowing the Petitioner to pursue new arguments on precisely *why* he contended that trial counsel's performance had been deficient would essentially allow the litigation on ineffective assistance of counsel to continue in perpetuity.

The Petitioner filed a timely notice of appeal.

---

[1] Specifically, in his amended petition, the Petitioner challenged trial counsel's failure to: (1) pursue lesser included offenses as a defense; (2) object to exclusion of the Petitioner's drug use on the day of the murder; (3) provide timely notice of the defense expert; (4) argue that the Petitioner's statements to his mother were not self-serving and, thus, admissible; (5) ensure proper jury instructions during the charge and deliberations; and (6) object to the prosecutor's mischaracterization of the law in closing argument.

## II.    ANALYSIS

On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition because, in his view, the *claim* of ineffective assistance of trial counsel cannot be considered previously determined when new *grounds* of ineffectiveness are raised in support of it, and he further contends that appellate counsel was ineffective for failing to include these grounds on direct appeal. The State responds that the post-conviction court properly dismissed the petition because the issue had been previously determined and that the Petitioner's claim of ineffective assistance of appellate counsel is waived for his failure to raise the issue in the post-conviction court.

Tennessee Code Annotated section 40-30-106(f) provides that a petition for post-conviction relief shall be dismissed upon preliminary consideration if the "claims for relief" it contains have been previously determined. "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing[,]" and "[a] full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." Tenn. Code Ann. § 40-30-106(h). In lieu of filing an answer or a response to a post-conviction petition, the State has the option of filing a motion to dismiss, asserting, *inter alia*, that the facts in the petition "fail to establish that the claims for relief have not been waived or previously determined." *Id*. § -108(c)(6). A post-conviction court's decision to summarily dismiss a petition for post-conviction relief is reviewed de novo as a question of law. *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (citing *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001)).

Ineffective assistance of counsel is a specific issue that constitutes "a single ground for relief" as contemplated by the Post-Conviction Procedure Act. *Cone v. State*, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995). "A petitioner may not relitigate a previously determined issue by presenting additional factual allegations." *Id.* at 582.

This is what the Petitioner attempts to do here. The issue is whether he received ineffective assistance of trial counsel, and this court held on direct appeal that he did not. *See Mustafa*, 2022 WL 2256266, at *42. Even though the allegations the Petitioner wishes to present now are not the same as he raised then, it does not change the fact that the issue has been previously determined. *See Cone*, 927 S.W.2d at 581-82; *see also Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997) ("[I]neffective assistance is a single ground for relief and a petitioner may not relitigate the issue by presenting new and different factual allegations in a subsequent proceeding."); *Troglin v. State*, No. E2010-01838-CCA-R3-PC, 2011 WL 4790943, at *16 (Tenn. Crim. App. Oct. 11, 2011) ("[T]he

petitioner's claim of ineffective assistance of trial counsel was previously determined by this court on direct appeal and cannot be relitigated in a post-conviction proceeding, even though the petitioner may not have made the same allegations [in the prior proceeding]."); *Newton v. State*, No. M2016-02240-CCA-R3-PC, 2017 WL 5901032, at *6 (Tenn. Crim. App. Nov. 29, 2017) ("[E]ven when a claim of ineffective assistance of counsel is based on new factual allegations, the issue will be considered previously determined if a prior court made a ruling on the claim." (citing *Cone*, 927 S.W.2d at 581-82)).

Additionally, for the first time in this appeal, the Petitioner argues that appellate counsel was ineffective for failing to raise these new factual allegations of trial counsel's alleged deficiencies on direct appeal. However, "[i]ssues not addressed in the post-conviction court will generally not be addressed on appeal." *Walsh v. State*, 166 S.W.3d 641, 645-46 (Tenn. 2005) (first citing *Rickman v. State*, 972 S.W.2d 687, 691 (Tenn. Crim. App. 1997); then citing *State v. White*, 635 S.W.2d 396, 397-98 (Tenn. Crim. App. 1982)). Moreover, "an issue raised for the first time on appeal is waived." *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) (citing *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996)). As noted by the State in its brief, this issue is waived for the Petitioner's failure to preserve it in the post-conviction court.

The Petitioner is not entitled to relief.

### III. CONCLUSION

Based upon the foregoing and consideration of the record as a whole, we affirm the judgment of the post-conviction court.

s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE

- 4 -